

 Positive
As of: April 2, 2025 8:29 PM Z

# Finstad v. Gord (In re Finstad)

United States Bankruptcy Court for the District of North Dakota

October 21, 2019, Decided

Bankruptcy No. 05-31470, Chapter 12, Adversary No. 18-07060

**Reporter**
2019 Bankr. LEXIS 4017 *

In re: John N. Finstad and Lorie Finstad, Debtors. John N. Finstad and Lorie Finstad, Plaintiffs, v. James Gord and Wendy Gord, and James Gord and Wendy Gord as Assignees of Beresford Bancorporation, Inc., Defendants.

**Subsequent History:** Affirmed by Finstad v. Gord (In re Finstad), 613 B.R. 180, 2020 Bankr. LEXIS 814 (B.A.P. 8th Cir., Mar. 27, 2020)

## LexisNexis® Headnotes

Bankruptcy Law > Procedural Matters > Adversary Proceedings > Dismissal of Adversary Proceedings

Civil Procedure > ... > Defenses, Demurrers & Objections > Motions to Dismiss > Failure to State Claim

### HN1[ ] Adversary Proceedings, Dismissal of Adversary Proceedings

Fed. R. Civ. P. 12(b)(6), applicable in adversary proceedings by Fed. R. Bankr. P. 7012(b), specifies that a party may move to dismiss a complaint for failure to state a claim upon which relief may be granted. Under Rule 12(b)(6), the Court assumes all facts alleged in the complaint are true and makes reasonable inferences in favor of the nonmoving party. Further, to avoid dismissal, a complaint must plead enough facts to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Bankruptcy Law > Procedural Matters > Jurisdiction

### HN2[ ] Procedural Matters, Jurisdiction

The federal courts have exclusive jurisdiction over all cases under title 11 pursuant to 28 U.S.C.S. § 1334(a), but § 1334(b) confers on the federal courts original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11. Bankruptcy courts and state courts have concurrent jurisdiction to interpret plans of reorganization. Likewise, bankruptcy courts and state courts have concurrent jurisdiction to interpret a settlement agreement incorporated into a plan of reorganization.

Bankruptcy Law > ... > Plans > Plan Confirmation > Effects of Confirmation

Bankruptcy Law > Farming & Fishing Debtors > Plans

Maurice Verstandig

*HN3*[ ] **Plan Confirmation, Effects of Confirmation**

Upon confirmation, a bankruptcy plan is a new contract between a debtor and the parties whose claims were addressed in the plan. A confirmed reorganization plan is essentially a binding contract between the debtor and its creditors, and creditors may bring a state law breach of contract action in state court to enforce plan obligations.

Business & Corporate Compliance > Bankruptcy > Estate Property > Contents of Estate

Bankruptcy Law > Estate Property > Contents of Estate

*HN4*[ ] **Estate Property, Contents of Estate**

Property interests are created and defined by state law. Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding. Uniform treatment of property interests by both state and federal courts within a State serves to reduce uncertainty, to discourage forum shopping, and to prevent a party from receiving a windfall merely by reason of the happenstance of bankruptcy.

Business & Corporate Compliance > ... > Administrative Powers > Automatic Stay > Duration of Stay

Bankruptcy Law > Administrative Powers > Automatic Stay > Duration of Stay

*HN5*[ ] **Automatic Stay, Duration of Stay**

Under 11 U.S.C.S. § 362(e)(1), the automatic stay terminates 30 days after a party files a motion seeking relief from the stay unless the court orders that the stay is continued.

Civil Procedure > ... > Preclusion of Judgments > Full Faith & Credit > Rooker-Feldman Doctrine

*HN6*[ ] **Full Faith & Credit, Rooker-Feldman Doctrine**

Under the Rooker-Feldman doctrine, federal courts other than the Supreme Court do not have subject matter jurisdiction over challenges to decisions made by state courts in judicial proceedings. More specifically, Rooker—Feldman precludes a federal action if the relief requested in the federal action would effectively reverse the state court decision or void its holding. In other words, Rooker-Feldman forecloses federal jurisdiction when a decision in favor of a federal plaintiff would wholly undermine the state court's ruling.

Civil Procedure > ... > Preclusion of Judgments > Full Faith & Credit > Rooker-Feldman Doctrine

*HN7*[ ] **Full Faith & Credit, Rooker-Feldman Doctrine**

For purposes of application of the Rooker-Feldman doctrine, the state and federal claims need not be identical. A lower federal court may not consider a claim that is inextricably intertwined with a claim addressed by a state court. A federal claim is inextricably intertwined with a state claim if the federal challenge succeeds only to the extent that the state court wrongly decided the issues before it. The doctrine applies only in limited circumstances where a party in effect seeks to take an appeal of an unfavorable state-court decision to a lower federal court.

Civil Procedure > ... > Preclusion of Judgments > Full Faith & Credit > Rooker-Feldman Doctrine

*HN8*[ ] **Full Faith & Credit, Rooker-Feldman**

**Doctrine**

Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment.

Civil Procedure > Judgments > Preclusion of Judgments > Res Judicata

*HN9*[⬇]  **Preclusion of Judgments, Res Judicata**

The doctrine of res judicata applies to final orders issued by bankruptcy courts. Res judicata, or claim preclusion, prevents relitigation of claims that were raised, or could have been raised, in prior actions between the same parties or their privies. Thus, res judicata means a valid, existing final judgment from a court of competent jurisdiction is conclusive with regard to claims raised, or those that could have been raised and determined, as to the parties and their privies in all other actions. Res judicata applies even if subsequent claims are based upon a different legal theory. In essence, res judicata bars parties from rehashing issues that were tried or could have been tried by the court in prior proceedings.

Civil Procedure > ... > Preclusion of Judgments > Full Faith & Credit > Full Faith & Credit Statutes

*HN10*[⬇]  **Full Faith & Credit, Full Faith & Credit Statutes**

Under the Full Faith and Credit Act, 28 U.S.C.S. § 1738, federal courts must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered.

Civil Procedure > Judgments > Preclusion of Judgments > Res Judicata

*HN11*[⬇]  **Preclusion of Judgments, Res Judicata**

Under North Dakota law, the doctrine of claim preclusion prohibits the relitigation of claims or issues that were raised or could have been raised in a prior action between the same parties or their privies and which was resolved by final judgment in a court of competent jurisdiction. The North Dakota Supreme Court has adopted a four-part test for determining whether claim preclusion applies there must be (1) a final decision on the merits in the first action by a court of competent jurisdiction, (2) the same parties, or their privies, in the second action as in the first, (3) an issue in the second action that was actually litigated or that should have been litigated in the first action, and (4) an identity of the causes of action.

Civil Procedure > Judgments > Preclusion of Judgments > Res Judicata

*HN12*[⬇]  **Preclusion of Judgments, Res Judicata**

Under North Dakota law, a prior judgment precludes all claims that were raised or could have been raised in the prior action. As long as the facts surrounding the transaction or occurrence are the same, a plaintiff may be precluded from bringing a claim under different legal theories. If a right of recovery rests on the same state of facts, the cause of action may not be split.

**Counsel:**  **[\*1]** For Beresford Bancorporation, Inc., Creditor (3:05bk31470): Jonathan R. Fay, O'Keefe, O'Brien, Lyson & Foss, Ltd., Fargo ND; Brad A. Sinclair, Kaler Doeling, PLLP, Fargo ND.

For CNH America LLC, Creditor (3:05bk31470): Michael M. Thomas, Conmy Feste Ltd., Fargo ND.

For Chrysler, Creditor (3:05bk31470): Robert B McMaster, Riezman Berger, P.C., St. Louis MO.

For DaimlerChrysler Services North America, LLC, Creditor (3:05bk31470): Joel M. Fremstad, Fremstad Law Firm, Fargo ND.

For Ford Motor Credit Company, Creditor (3:05bk31470): Jeremy D Holmes, Michael M. Thomas, Conmy Feste Ltd., Fargo ND.

For John N. Finstad, Debtor (3:05bk31470): Bruce A. Schoenwald, Stefanson Law, Moorhead MN; Lyle P. Thomason, Lead Attorney, Thomason Law Office, PC, Lisbon ND.

For Lorie Finstad, Joint Debtor (3:05bk31470): Bruce A. Schoenwald, Stefanson Law, Moorhead MN; Lyle P. Thomason, Lead Attorney, Thomason Law Office, PC, Lisbon ND.

For James Gord, Wendy Gord, Interested Party (3:05bk31470): Michael Gust, Anderson, Bottrell, Sanden & Thompson, Fargo ND.

For Southeast Water Users District, Interested Party (3:05bk31470): Lowell P. Bottrell, Anderson, Bottrell, Sanden & Thompson, Fargo ND.

Trustee (3:05bk31470): Dale **[*2]** A. Wein, Bankruptcy Trustee, Aberdeen SD.

For John N. Finstad, Lorie Finstad, Plaintiffs (3:18ap7060): Bruce A. Schoenwald, Lead Attorney, Stefanson Law, Moorhead MN.

For James Gord, Wendy Gord, James Gord, As Assignees of Beresford Bancorporation, Inc., Wendy Gord, As Assignees of Beresford Bancorporation, Inc., Defendants (3:18ap7060): Michael Gust, Anderson, Bottrell, Sanden & Thompson, Fargo ND.

**Judges:** SHON HASTINGS, UNITED STATES BANKRUPTCY JUDGE.

**Opinion by:** SHON HASTINGS

## Opinion

### ORDER

### I. INTRODUCTION

Plaintiffs/Debtors John and Lorie Finstad filed a Complaint seeking a judgment declaring that they hold legal and equitable title to certain real property; an order compelling turnover of the real property from Defendants James and Wendy Gord; damages for an alleged violation of the automatic stay by Defendants; interest and other damages. Compl. (#18-7060).[1] The Finstads' causes of action include declaratory relief, trespass, constructive trust, turnover, intentional interference with contract, breach of settlement agreement and conversion. Id.

The Gords filed a Motion to Dismiss, asserting the Finstads failed to state a claim upon which relief can be granted. Doc. 6 (#18-7060).

### II. FACTS

The Court will accept all **[*3]** facts as alleged in the Complaint and will not repeat them here. The following timeline, drawn from the Complaint, attached exhibits and the docket in Bankruptcy Case No. 05-31470, is also helpful to the Court's analysis.

7/20/05 The Finstads petitioned for bankruptcy relief under Chapter 12. Doc. 1.

9/12/05 Beresford Bancorporation, Inc. filed a Motion for Relief from Automatic Stay. Doc. 17.

9/29/05 The Court issued notice of hearing on Motion for Relief from Automatic Stay and other matters. It scheduled the hearing for October 11, 2005. Doc. 26.

10/05/05-10/06/05 The Finstads filed a Motion to Continue the hearing on the Motion for Relief from Automatic Stay, which the Court granted. The Finstads did not request, and the Court did not

---

[1] All citations to the docket refer to the docket in the main bankruptcy case (#05-31470) unless otherwise designated.

order, that the stay was extended until the hearing. Docs. 30, 32.

10/12/05 Stay terminated under 11 U.S.C. 362(e)(1).

10/24/05 Hearing on the Motion for Relief from Automatic Stay and other matters; the Finstads and Beresford advised the Court they reached a settlement. Doc. 37. The Court did not order that the automatic stay was continued pending submission of settlement documents. The Clerk's minutes referenced a deed to real estate, including the following comment: "Beresford [*4] Corp. will not record the deed until Jan. 2, 2006." Id. at 3.

11/1/05 Beresford filed a Letter of Understanding Regarding Settlement dated October 25, 2005. Doc. 39. In the letter, the Finstads agreed to deliver a quitclaim deed transferring real property in Ransom County, North Dakota, to Beresford.[2] Id.

January 2006 The Finstads delivered the quitclaim deed to Beresford and it was recorded (Finstad-Beresford Deed). Compl. ¶ 16 (#18-7060).

3/20/06 Beresford filed Settlement Agreement and Release signed by Beresford and the Finstads. Doc 71.

3/29/06 The Court approved the Settlement Agreement. Doc. 75.

4/17/06 Order Confirming Debtors' Second Amended Chapter 12 Plan.[3] Doc. 83.

6/11/08 Beresford sent the Finstads a notice of default on the terms of the Settlement Agreement. Compl. ¶ 24 (#18-7060).

8/13/08 Order granting the Finstads a Discharge. Doc. 147.

9/15/08 Bankruptcy Case No. 05-31470 closed.

12/2/08 Beresford delivered quitclaim deed for the Finstads' real property to the Gords (Beresford-Gord Deed). Compl. ¶¶ 30–31 (#18-7060).

Jan 2012 The Finstads brought a quiet title action in North Dakota District Court against Beresford and the Gords. The North Dakota District Court denied the Finstads the [*5] relief they sought. The Finstads appealed. The North Dakota Supreme Court affirmed the District Court. Finstad v. Gord, 2014 ND 72, 844 N.W.2d 913. Compl. ¶ 34 (#18-7060).

11/20/18 The Finstads filed Motion to Reopen Bankruptcy case, which the Court granted. Docs. 150, 151.

12/10/18 The Finstads filed this adversary case. Compl. (#18-7060).

In their Motion to Dismiss, the Gords argue that this Court is bound by the decisions of the North Dakota courts. Doc. 6-1, at 2–3 (#18-7060). Consequently, a summary of the North Dakota Supreme Court opinion follows.

In its decision affirming the District Court, the North Dakota Supreme Court outlined many of the facts included in the Finstads' Complaint in this adversary proceeding. Finstad v. Gord, 2014 ND 72, 844 N.W.2d 913. It discussed the Finstads' bankruptcy petition, the settlement agreement that arose in the context of the bankruptcy proceedings, the Finstads' transfer of real estate via quitclaim deed as a part of that settlement agreement, the Bankruptcy [*6] Court's approval of the settlement agreement and other details the Finstads argue support their claim that the Finstad-Beresford Deed was "merely a financing vehicle continuing their mortgage relationship rather than an actual change of ownership." Id. at ¶¶ 2–12. In their appeal to the North Dakota Supreme Court, the Finstads argued that the North Dakota District Court improperly

---

[2] The real property is described in paragraph 7 of the Complaint.

[3] The confirmed plan provided, in pertinent part:

The Debtors have reached an agreement with Beresford which, in general terms, provides for a deed in lieu of foreclosure as to the farmland, with a release of debt, the Debtors retaining the right to rent the land for five (5) years, with an option to purchase.

Doc. 77 at 4.

excluded evidence regarding the entire agreement between Beresford and the Finstads under the parol evidence rule. Id. at ¶ 12. The North Dakota Supreme Court rejected the Finstads' argument, holding that extrinsic evidence suggesting the Finstad-Beresford deed was not intended to be an actual transfer of ownership may not be considered under the parol evidence rule because "the delivered and recorded Finstad-Beresford deed clearly and unambiguously conveyed all of the Finstads' right, title, and interest in the property to Beresford." Id. at ¶ 21. Accordingly, it concluded that "a subsequent quitclaim deed executed by Beresford to the Gords gave them ownership of the land." Id. at ¶ 1.

The Finstads also appealed the North Dakota District Court's order finding that they did not have standing to challenge the **[\*7]** Beresford-Gord deed. Id. at ¶¶ 22–24. The North Dakota Supreme Court held that the "Finstads do not have any interest in the property and therefore do not have standing to challenge the Beresford-Gord deed." Id. at ¶ 24. More specifically, it concluded:

> Because we have already concluded the Gords are owners of the land, we hold the district court did not err in deciding that the Finstads do not have any interest in the property and therefore do not have standing to challenge the Beresford-Gord deed.

Id. The North Dakota Supreme Court rejected the Finstads' other arguments premised on mistake or accident in the delivery of the Beresford-Gord deed because the Finstads lacked standing to challenge this transfer. Id. at ¶ 25.

## III. ANALYSIS

*HN1*[↑] Rule 12(b)(6) of the Federal Rules of Civil Procedure, applicable in this adversary proceeding by Federal Rule of Bankruptcy Procedure 7012(b), specifies that a party may move to dismiss a complaint for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 12(b)(6), the Court assumes all facts alleged in the complaint are true and makes reasonable inferences in favor of the nonmoving party. Ryan v. Ryan, 889 F.3d 499, 505 (8th Cir. 2018). Further,

> [t]o avoid dismissal, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). "A claim has facial plausibility **[\*8]** when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

Id.

In their Motion to Dismiss, the Gords assert that because the North Dakota Supreme Court decided that the Gords are the true and legal owners of the real property, all of the Finstads' causes of action fail to state a claim against the Gords. Doc. 6-1 at 2 (#18-7060). In response, the Finstads assert that the North Dakota Supreme Court decision "nullifies prior determinations of this Court in the Finstads' Chapter 12 bankruptcy case," and the Supremacy Clause demands that federal bankruptcy law preempt state law, voiding the state court judgments and allowing this Court to revisit the facts and make new findings and conclusions. Doc. 7 at 1–2 (#18-7060). For the reasons provided below, the Court declines this invitation.

**A. Bankruptcy Law Does Not Preempt the State Court Decisions or Otherwise Affect the Outcome of These Rulings**.

The Finstads argue that the state court decisions in the quiet title action "set up a direct conflict between state law interpretations of deeds and this Court's exclusive jurisdiction over the disposition of property **[\*9]** in the Finstad Chapter 12 proceedings." Doc. 7 at 9 (#18-7060). They further argue that the "effect of that exclusive jurisdiction

is preemption of conflicting state law that would otherwise effect the bankruptcy case or the property of the debtor." Id. at 11 (#18-7060). More specifically, the Finstads suggest that the Bankruptcy Court has exclusive jurisdiction to interpret the settlement agreement, which was incorporated into the confirmed Chapter 12 plan, and it is not bound by the North Dakota parol evidence rule.[4]

The Finstads misinterpret the law pertaining to state court jurisdiction to interpret a confirmed Chapter 12 plan and the law which applies to breach of plan provisions that are not specifically linked to the Bankruptcy Code or other federal statute or interest. HN2[↑] "The federal courts have exclusive jurisdiction over 'all cases under title 11' pursuant to 28 U.S.C. § 1334(a), but § 1334(b) confers on the federal courts 'original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.'" Cawley v. Celeste (In re Athens/Alpha Gas Corp.), 715 F.3d 230, 237 (8th Cir. 2013) (quoting 28 U.S.C. § 1334(b)); see also Mid-City Bank v. Skyline Woods Homeowners Assoc. (In re Skyline Woods Country Club), 636 F.3d 467, 471 (8th Cir. 2011) ("Federal district courts, and their bankruptcy courts by delegation, have exclusive jurisdiction 'of all cases under title 11,' 28 U.S.C. § 1334(a), but that provision is limited to the Debtor's Chapter 11 petition and 'the proceedings that follow the filing of a bankruptcy petition.'") (quoting In re Middlesex Power Equip. & Marine, Inc., 292 F.3d 61, 66 (1st Cir. 2002)). Bankruptcy courts and state courts have concurrent jurisdiction to interpret plans of reorganization.[5] Likewise, bankruptcy courts and state courts have concurrent jurisdiction to interpret a settlement agreement incorporated into a plan of reorganization. See id.; Savage & Assocs., P.C. v. Mandl (In re Teligent, Inc.), 459 B.R. 190, 197 (Bankr. S.D.N.Y. 2011) (stating that although a settlement agreement was [*11] blessed by an order of the bankruptcy court, a state court had jurisdiction to determine its meaning and effect). Accordingly, the North Dakota District Court and North Dakota Supreme Court possessed concurrent jurisdiction to interpret the Chapter 12 plan and settlement agreement incorporated in it. They also possessed concurrent jurisdiction to decide that delivery of the Finstad-Beresford deed giving Beresford all rights, title and interest in and to the real estate barred the district court from considering the other extrinsic evidence the Finstads offered that could not be considered under the parol evidence rule. See id.; Finstad, at ¶¶ 18–21.

The Finstads' assertion that technical idiosyncrasies of state-law deed interpretation do not apply to the terms of a confirmed plan in a Chapter 12 bankruptcy case is also incorrect. HN3[↑] Upon confirmation, the plan is a new contract between a debtor and the parties whose claims were addressed

---

[4] The Finstads argued:

The Finstads assert in this adversary proceeding, among other things, that under the Supremacy Clause, federal bankruptcy law and this Court's orders in the Main Case must control as to the effect of the Settlement Agreement. Specifically, the Finstads assert that the state-law parol evidence limitations on deed interpretation expressed in Finstad I conflict with the prior express provisions of the automatic stay, settlement agreements and orders of this Court in the Main Case proceedings as to the ownership and control of the Finstad farmland. Under the circumstances here, this Court's determinations override the technical idiosyncrasies of state-law deed interpretation pursuant to this Court's [*10] exclusive jurisdiction over the matter.

Doc. 7 at 2 (#18-7060); see also Doc. 16 at 3–4 (#18-7060).

[5] See 1905 Commonwealth Ave. Corp. v. Citizens Bank of Mass. (In re 1095 Commonwealth Ave. Corp.), 1999 Bankr. LEXIS 2029, 1999 WL 35128686, at * 2 (B.A.P. 1st Cir. July 14, 1999) (bankruptcy court and state court have concurrent jurisdiction over plan interpretation); Washington Mut., Inc. v. XL Specialty Ins. Co. (In re Washington Mut., Inc.), 2012 Bankr. LEXIS 4673, 2012 WL 4755209, at *4 (Bankr, D. Del. Oct. 4, 2012) (state courts are courts of competent jurisdiction to interpret the language of bankruptcy plans and orders); In re Landreth Lumber Co., 393 B.R. 200, 205 (Bankr. S.D. Ill. 2008) (state court had concurrent jurisdiction to interpret a provision of the confirmed plan); Kmart Creditor Tr. v. Conaway (In re Kmart Corp.), 307 B.R. 586, 596 (Bankr. E.D. Mich. 2004) ("state courts are qualified to interpret the language of bankruptcy plans and orders and routinely engage in such interpretation."); Icco v. Sunbrite Cleaners, Inc. (In re Sunbrite Cleaners, Inc.), 284 B.R. 336, 342 (N.D.N.Y. 2002) ("Because contract interpretation is an issue of state law . . . the state courts are perfectly well-suited to interpret the First Amended Plan.").

in the plan. See McCormick v. Starion Fin. (In re McCormick) 567 B.R. 552, 559–60 (8th Cir. 2017) ("a confirmed Chapter 11 plan 'acts like a contract that binds the parties that participate in the plan'") (citation omitted). To the extent the Finstads assert [*12] that Beresford breached their settlement agreement or the confirmed plan, both state and federal courts apply North Dakota contract law. See Van Sickle v. Hallmark & Assocs., Inc., 2008 ND 12, ¶ 10, 744 N.W.2d 532 ("A confirmed reorganization plan is essentially a binding contract between the debtor and its creditors, and creditors may bring a state law breach of contract action in state court to enforce plan obligations." (citations omitted)); see also Hargrave v. Freund (In re LocalBizUSA, Inc.), 2015 Bankr. LEXIS 1666, 2015 WL 2358154 *9 (Bankr. D.N.J. May 14, 2015) (rev'd on other grounds) ("A Chapter 11 plan is considered a contract between the debtor and its creditors and is therefore subject to the relevant state's laws regarding contract interpretation."); In re Soldier Summit Recreation & Dev. Co., L.L.C., 2014 Bankr. LEXIS 104, 2014 WL 98701 *2 (Bankr. D. Utah Jan 10, 2014) ("'a state law breach of contract action may be brought for breach of a chapter 11 plan obligations'" (citation omitted)). The Finstads point to no specific Bankruptcy Code provision preempting North Dakota law on contract or deed interpretation under the circumstances of this case. *HN4*[↑] As the United States Supreme Court explained:

> Property interests are created and defined by state law. Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding. Uniform treatment of property [*13] interests by both state and federal courts within a State serves to reduce uncertainty, to discourage forum shopping, and to prevent a party from receiving "a windfall merely by reason of the happenstance of bankruptcy."

Butner v. United States, 440 U.S. 48, 55, 99 S. Ct. 914, 59 L. Ed. 2d 136 (1979) (quoting Lewis v. Mfrs. Nat'l Bank, 364 U.S. 603, 609, 81 S. Ct. 347, 5 L. Ed. 2d 323). Because this Court must look to state law to determine property interests and must apply state law in contract interpretation, it appears that this Court is equally "constrained by the state-law substantive parol evidence statute" in analyzing the specific settlement provisions and deed transfer restrictions under North Dakota law. Doc. 16 at 3 (#18-7060) (quoting the Finstads' argument). The Finstads offer no persuasive authority suggesting otherwise.

Finally, the Finstads argue that they lacked the power to convey their farmland to Beresford by quitclaim deed because the automatic stay was in effect, and they did not seek or receive permission to convey the real estate prior to the transaction. While it is true that the Finstads (who were debtors-in-possession at the time) signed and delivered the quitclaim deed to Beresford prior to formal court approval of the settlement agreement, this transfer did not violate the automatic stay. *HN5*[↑] Under section 362(e)(1), the automatic [*14] stay terminates 30 days after a party files a motion seeking relief from the stay unless the court orders that the stay is continued.[6] On September 12, 2005,

---

[6] Section 362(e)(1) provides:

Thirty days after a request under subsection (d) of this section for relief from the stay of any act against property of the estate under subsection (a) of this section, such stay is terminated with respect to the party in interest making such request, unless the court, after notice and a hearing, orders such stay continued in effect pending the conclusion of, or as a result of, a final hearing and determination under subsection (d) of this section. A hearing under this subsection may be a preliminary hearing, or may be consolidated with the final hearing under subsection (d) of this section. The court shall order such stay continued in effect pending the conclusion of the final hearing under subsection (d) of this section if there is a reasonable likelihood that the party opposing relief from such stay will prevail at the conclusion of such final hearing. If the hearing under this subsection is a preliminary hearing, then such final hearing shall be concluded not later [*16] than thirty days after the conclusion of such preliminary hearing, unless the 30-day period is extended with the consent of the parties in interest or for a specific time which the court finds is required by compelling circumstances.

Beresford filed a Motion for Relief from Automatic Stay seeking to continue its state court foreclosure proceedings, including a real estate mortgage foreclosure. The Court scheduled a hearing on this motion for October 11, 2005. The Finstads filed a motion to continue the hearing, Beresford consented to the continuance and the Court granted it. The Finstads did not request—and the Court did not order—that the stay continued in effect pending conclusion of the hearing, which the Court rescheduled for October 24, 2005. At the October 24, 2005, hearing, the parties advised the Court that they reached a settlement. Again, the parties did not request—and the Court did not order—that the stay continued in effect pending Court approval of the settlement. Accordingly, the stay terminated on October 12, 2005, weeks before the Finstads delivered the quitclaim deed to Beresford pursuant to the terms of their settlement, and Beresford recorded it in January 2006. See 11 U.S.C. § 362(e)(1); Bugg v. Gray (In re Gray), 642 F.App'x 641, 643 (8th Cir. 2016) (finding that the stay terminated by operation of law when the court [*15] failed to comply with the statutorily mandated timeframes in section 362(e)). Consequently, the automatic stay did not bar the transfer of the real property to Beresford. Furthermore, the Court ultimately approved the settlement agreement and confirmed the Chapter 12 plan that incorporated its terms.

In summary, bankruptcy law does not stand in the way of the state court decisions or change their outcome. The state court decisions are not preempted by bankruptcy law, and bankruptcy provisions do not void them.

## B. The Rooker-Feldman Doctrine Bars the Court from Exercising Jurisdiction over the Finstads' Claims to Title of the Subject Real Property.

*HN6*[⬆] Under the Rooker-Feldman doctrine, federal courts other than the Supreme Court do not have subject matter jurisdiction over challenges to decisions made by state courts in judicial proceedings. In re Athens/Alpha Gas, 715 F.3d at 234 (citations omitted). More specifically, "Rooker—Feldman precludes a federal action if the relief requested in the federal action would effectively reverse the state court decision or void its holding." Snider v. City of Excelsior Springs, 154 F.3d 809, 811 (8th Cir. 1998) (citation omitted). In other words, "Rooker-Feldman forecloses federal jurisdiction when a decision in favor of a federal plaintiff would 'wholly undermine' the state court's ruling." In re Athens/Alpha Gas, 715 F.3d at 235 (citation omitted).

*HN7*[⬆] The state and [*17] federal claims need not be identical. Goetzman v. Agribank, FCB (In re Goetzman), 91 F.3d 1173, 1177 (8th Cir. 1996) (citation omitted). A lower federal court may not consider a claim that is "inextricably intertwined" with a claim addressed by a state court. Id. A federal claim is inextricably intertwined with a state claim "if the federal challenge succeeds only to the extent that the state court wrongly decided the issues before it." Snider, 154 F.3d at 811 (citation omitted); Cawley v. Celeste (In re Athens/Alpha Gas, 463 B.R. 883, 887 (B.A.P. 8th Cir. 2012) (quotation omitted), aff'd on other grounds, 715 F.3d 230 (8th Cir. 2013). The doctrine applies only in "'limited circumstances' where a party in effect seeks to take an appeal of an unfavorable state-court decision to a lower federal court." Lance v. Dennis, 546 U.S. 459, 466, 126 S. Ct. 1198, 163 L. Ed. 2d 1059 (2006) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 291, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005)).

The Rooker-Feldman doctrine bars the Finstads' claims seeking reversal of the North Dakota courts which ruled against them in their quiet title action. This adversary proceeding is plainly a request to seek remedies the state courts denied. To rule in their favor, this Court would have to find that the

---

11 U.S.C. § 362(e)(1). The 2005 version of this statute is the same as the language quoted.

quitclaim deed the Finstads delivered to Beresford Bank did not transfer title to Beresford Bank, and that Beresford Bank did not convey title to the real property to the Gords. Such a finding would "wholly undermine" the state court rulings. *HN8*[⬆] Accordingly, the Rooker-Feldman doctrine bars [*18] the Finstads' claims for declaratory relief, constructive trust and the other causes of action seeking the same relief the state courts denied. See Athens/Alpha Gas, 463 B.R. at 887–88 ("Where federal relief can only be predicated upon a conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state-court judgment.") (quotation omitted).

### C. The Finstads' Claims and Causes of Action are Barred by Res Judicata.

The Gords contend that the Finstads' claims and causes of action in this adversary proceeding are barred by the North Dakota courts' rulings. *HN9*[⬆] The doctrine of res judicata applies to final orders issued by bankruptcy courts. See generally Ladd v. Ries (In re Ladd), 319 B.R. 599, 602–07 (B.A.P. 8th Cir. 2005), rev'd on other grounds, 450 F.3d 751 (8th Cir. 2006); see also LaBarge v. Ireland (In re Ireland), 325 B.R. 836, 839 (Bankr. E.D. Mo. 2005); In re Allen, 2012 Bankr. LEXIS 874, 2012 WL 693461, at *16 (Bankr. D.N.J. Mar. 2, 2012).

> Res judicata, or claim preclusion, prevents relitigation of claims that were raised, or could have been raised, in prior actions between the same parties or their privies. Thus, res judicata means a valid, existing final judgment from a court of competent jurisdiction is conclusive with regard to claims raised, or those that could have been raised and determined, as to [the] parties and their privies in all other [*19] actions. Res judicata applies even if subsequent claims are based upon a different legal theory.

Missouri Breaks, LLC v. Burns, 2010 ND 221, ¶ 10, 791 N.W.2d 33 (quotation omitted). In essence, res judicata bars parties from rehashing issues that were tried or could have been tried by the court in prior proceedings. Id. (citations omitted).

*HN10*[⬆] "Under the Full Faith and Credit Act, 28 U.S.C. § 1738, federal courts 'must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered.'" Finstad v. Beresford Bancorporation, Inc., 831 F.3d 1009, 1013 (8th Cir. 2016) (quotation omitted). Consequently, North Dakota law governs whether the North Dakota District Court ruling, followed by the North Dakota Supreme Court opinion in Finstad v. Gord, 2014 ND 72, 844 N.W.2d 913, bars the claims pled in this adversary proceeding. *HN11*[⬆] See id.

> Under North Dakota law, the doctrine of claim preclusion "prohibits the relitigation of claims or issues that were raised or could have been raised in a prior action between the same parties or their privies and which was resolved by final judgment in a court of competent jurisdiction." Hofsommer v. Hofsommer Excavating, Inc., 488 N.W.2d 380, 383 (N.D. 1992). The North Dakota Supreme Court has adopted a four-part test for determining whether claim preclusion applies:
>
>> there must be (1) "a final decision on the merits in the first action by a court of [*20] competent jurisdiction," (2) "the same parties, or their privies," in the second action as in the first, (3) an issue in the second action that was "actually litigated" or that "should have been litigated in the first action," and (4) "an identity of the causes of action."
>
> In re Athens/Alpha Gas Corp., 715 F.3d 230, 236 (8th Cir. 2013) (alterations omitted) (quoting Mo. Breaks, LLC v. Burns, 2010 ND 221, 791 N.W.2d 33, 39 (N.D. 2010)).

Finstad, 831 F.3d at 1013.

Applying the test outlined above, the North Dakota Supreme Court and trial court are courts of competent jurisdiction. They entered final decisions on the merits of the Finstads' claims. The Finstads and the Gords were parties to the North Dakota case. Accordingly, the Gords met their burden of showing the first two elements of res judicata.

They also met their burden of showing the third and fourth elements. The question of whether the Finstad-Beresford deed transferred an ownership interest in the real property at issue was actually litigated before the North Dakota courts. The North Dakota Supreme Court referenced the settlement agreement and understood that it arose in a bankruptcy case. The Finstads argued to both the district court and the North Dakota Supreme Court that the circumstances of the transaction and evidence extrinsic to the quitclaim deed show that the Finstad-Beresford **[*21]** deed was merely "a financing vehicle continuing their mortgage relationship," and they asked the courts to consider evidence of these facts. The Finstads raised the very same issues before this Court.

In the case before the state courts, the Finstads brought a quiet title cause of action and sought damages for lost value and waste. Finstad, 2014 ND 72, ¶ 7, 844 N.W.2d 913. They either pled or argued mistake and accident. Id. at ¶ 25. Additionally, they brought claims challenging the deed from Beresford to Gords. Id. at ¶ 22. While the Finstads alleged claims in this adversary proceeding that they did not plead while before the North Dakota courts, the Finstads' theories of recovery were either brought in the state court proceeding (underlying claim seeking declaratory relief) or could have been brought at the time they filed their state court proceeding (constructive trust, trespass, turnover [or eviction, request for a writ of assistance or any other state law alternatives to turnover], intentional interference with contract, breach of settlement agreement, conversion) because they are based on the same facts. **HN12**[↑] Under North Dakota law, a prior judgment precludes all claims that were raised or could have been raised in the **[*22]** prior action. Finstad, 831 F.3d at 1014 (quoting Ungar v. N.D. State Univ., 2006 ND 185, 721 N.W.2d 16, 20 (N.D. 2006) (quotation omitted)). As long as the facts surrounding the "transaction or occurrence" are the same, a plaintiff may be precluded from bringing a claim under different legal theories. Finstad v. Beresford Bancorporation, Inc., 2015 WL 11438182, at *3 (D.N.D. Apr. 29, 2015) (citing Simpson v. Chicago Pneumatic Tool Co., 2005 ND 55, 693 N.W.2d 612, 617 (N.D. 2005)). "'[I]f a right of recovery rests on the same state of facts, the cause of action may not be split.'" Id. (quoting Lucas v. Porter, 2008 ND 160, 755 N.W.2d 88, 96 (N.D. 2008)).

As the Eighth Circuit Court of Appeals observed in Finstad: "By the time they filed their complaint in Finstad I in January 2012, the Finstads were aware of all of the material facts alleged in this action, and there was no procedural impediment to the Finstads bringing their breach of contract and conversion claims against Beresford in Finstad I." 831 F.3d at 1014. Likewise, the Finstads could have alleged the claims and causes of action they pled in this adversary proceeding in their lawsuit filed with the North Dakota District Court—including breach of the settlement agreement approved by this Court, eviction, a writ of assistance or any other state law alternative to turnover, and fraudulent transfer under section 13-02.1-04(1)(b) of the North Dakota Century Code (which they raise for the first time in their Supplemental Brief in Opposition to the Motion to Dismiss by asserting a cause of action under 11 U.S.C. § 544). See Doc. 16 at 6–7 **[*23]** (#18-7060).

Finally, there is an identity of causes of action in the state proceedings and this adversary case because there is an "'identity of the facts creating the right of action and of the evidence necessary to sustain each action.'" In re Athens/Alpha Gas, 715 F.3d at 238 (quoting Sanders Confectionery, 973 F.2d at 484). The case before the North Dakota courts and the adversary proceeding before this Court are based on the same nucleus of operative

facts and arise out of the same transaction or occurrence.

Accordingly, the Finstads' claims and causes of action are barred by res judicata.

The Court considered all other arguments and deems them to be without merit or unnecessary to address.

## IV. CONCLUSION

For the reasons stated above, **IT IS ORDERED**:

Defendants' motion to dismiss is GRANTED. This case is dismissed. The Court will enter judgment accordingly.

Dated: October 21, 2019.

/s/ Shon Hastings

SHON HASTINGS, JUDGE

UNITED STATES BANKRUPTCY COURT

## JUDGMENT

Based on the Court's Order dated October 21, 2019, **IT IS ORDERED AND ADJUDGED** that this case is dismissed.

Dated this 21st day of October, 2019.

/s/ Shon Hastings

Shon Hastings, Judge

United States Bankruptcy Court

**End of Document**