


Neutral
As of: April 2, 2025 8:29 PM Z

# Fisher v. MRM Group (In re Multi-Risk Mgmt.)

United States Bankruptcy Court for the Northern District of Illinois, Eastern Division

September 8, 1998, Decided ; September 8, 1998, Filed

Chapter 7, 97 B 03805, 98 A 322

**Reporter**
1998 Bankr. LEXIS 1122 *

In re: MULTI-RISK MANAGEMENT, INC., Debtor. Lawrence Fisher, Trustee of the Estate of Multi-Risk Management, Inc., Plaintiff, v. MRM Group, Inc., an Illinois corporation, and Michael Burack, Defendants.

**Notice:** [*1] FOR ELECTRONIC PUBLICATION ONLY

**Disposition:** Motion to Dismiss granted in part. Count I of the Trustee's Adversary Complaint dismissed without prejudice. Trustee granted leave to amend the complaint.

## LexisNexis® Headnotes

Civil Procedure > ... > Pleadings > Amendment of Pleadings > Leave of Court

Governments > Legislation > Vagueness

Civil Procedure > ... > Defenses, Demurrers & Objections > Motions to Dismiss > Failure to State Claim

Civil Procedure > ... > Pleadings > Amendment of Pleadings > General Overview

Civil Procedure > ... > Pleadings > Complaints > Requirements for Complaint

*HN1*[ ] **Amendment of Pleadings, Leave of Court**

For purposes of a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must accept as true all well-pleaded allegations of the complaint. Ambiguities in the pleadings must be construed in favor of the plaintiff. Under federal notice pleading standards, mere vagueness or lack of detail alone is not sufficient grounds for dismissal. Dismissal under Fed. R. Civ. P. 12(b)(6) is only appropriate when the plaintiff can prove no set of facts to support the allegations. Leave to amend the complaint, however, should be freely given absent undue delay and undue prejudice to the opposing party or unless amendment would be futile. Fed. R. Civ. P. 15(a).

Bankruptcy Law > Claims > Allowance of Claims
Business & Corporate Compliance > Bankruptcy > Claims > Allowance of Claims

Estate, Gift & Trust Law > Trusts > General Overview

Bankruptcy Law > ... > Prepetition Transfers > Voidable Transfers > General Overview

*HN2*[⬇]  **Claims, Allowance of Claims**

11 U.S.C.S. § 544 provides that the trustee may avoid any transfer of an interest of the debtor in property that is voidable under applicable state law by a creditor holding an unsecured claim that is allowable under 11 U.S.C.S. § 502. This statute does not create a new right of recovery for the trustee. It merely allows the trustee to stand in the shoes of an existing creditor and assert causes of action available to that creditor. While it is true that the trustee must ultimately prove such a creditor actually exists, he need not plead by name the existence of such a creditor.

> Bankruptcy Law > ... > Avoidance > Fraudulent Transfers > Elements
>
> Civil Procedure > Judgments > Enforcement & Execution > Fraudulent Transfers
>
> Real Property Law > Purchase & Sale > Fraudulent Transfers
>
> Governments > Legislation > Statute of Limitations > Time Limitations

*HN3*[⬇]  **Fraudulent Transfers, Elements**

740 Ill. Comp. Stat. 160/10(a) provides that a cause of action with respect to a fraudulent transfer or obligation under the Uniform Fraudulent Transfer Act is extinguished unless action is brought under 740 Ill. Comp. Stat. 160/5(a)(1) within four years after the transfer was made or the obligation was incurred, or if later, within one year after the transfer or obligation was or could reasonably have been discovered by the claimant.

> Civil Procedure > Judgments > Enforcement & Execution > Fraudulent Transfers
>
> Governments > Legislation > Statute of Limitations > Time Limitations
>
> Real Property Law > Purchase & Sale > Fraudulent Transfers

*HN4*[⬇]  **Enforcement & Execution, Fraudulent Transfers**

Any action for avoidance under the Uniform Fraudulent Transfer Act, 740 Ill. Comp. Stat. 160/10(a) must allege when the transfer was discovered, why it was discovered so late, and why the claimant creditor could not have discovered it earlier.

**Counsel:** Attorney for Movant or Plaintiff: DANIEL R. MADOCK, ESQ.

Attorney for Respondent or Defendant: STEPHEN T. BOBO, ESQ.

**Judges:** ERWIN I. KATZ, United States Bankruptcy Judge.

**Opinion by:** Erwin I. Katz

## Opinion

**MEMORANDUM OPINION**

This matter comes before the Court on the Defendants' Motion to Dismiss Count I of the Trustee's Adversary Complaint. The complaint seeks to avoid a fraudulent transfer and recover it by piercing the corporate veil; impose successor liability for the Debtor's liabilities; and recover damages for a breach of fiduciary duties owed to the Debtor. For the reasons stated below, the Motion to Dismiss is granted in part. Count I of the Trustee's Adversary Complaint is dismissed without prejudice. The Trustee is granted leave to amend the complaint in accordance with the following opinion.

I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. sec. 157(b) and 28 U.S.C. sec. 1334. This proceeding is a core proceeding pursuant to 28

U.S.C. sec. [*2] 157(b)(2)(A), (E), and (H) since it concerns the administration of the estate; seeks to determine, avoid and recover a fraudulent conveyance and for other alternative relief; and is a proceeding affecting liquidation of the assets of the bankruptcy estate.

## II. FACTUAL BACKGROUND

On February 7, 1997, the Debtor, Multi-Risk Management, Inc., filed a voluntary petition under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. 101 et seq. Lawrence Fisher was appointed as the interim trustee and continues to serve as the trustee as this time. On February 6, 1998, the Trustee Lawrence Fisher (hereinafter "Trustee") filed an adversary complaint against Defendants MRM Group, Inc., and Michael Burack based upon an alleged transfer of assets from the Debtor to the Defendants in December 1992.

The adversary complaint contains three counts: Count I seeks to avoid the transfer of assets as a fraudulent conveyance made with intent to hinder, delay and defraud under 11 U.S.C. sec. 544(b) and sec. 740 ILCS 160/5(a)(1) and seeks to impose liability for the transfer upon the shareholders of Defendant MRM Group by piercing the corporate veil. Count II seeks to impose successor liability [*3] on Defendant MRM Group on the grounds that it is a continuation and alter ego of the Debtor and the assets of Defendant MRM Group are therefore the assets of the bankruptcy estate. Count III seeks judgment against Defendant Burack on the grounds that he was an officer, director and shareholder of the Debtor and breached his fiduciary duties by causing the Debtor to transfer its assets to Defendant MRM Group without consideration.

On June 22, 1998, the Defendants filed their answer to the complaint and asserted various affirmative defenses.[1] On June 19, 1998, the Defendants filed their Motion to Dismiss With Prejudice Count I of the Complaint and subsequently filed their Memorandum of Law in Support of the Motion to Dismiss. The Trustee filed a Response and the Defendants filed a further Reply. On August 11, 1998, the matter was taken under advisement by this Court.

[*4] III. DISCUSSION

*HN1*[↑] For purposes of a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must accept as true all well-pleaded allegations of the complaint. *Miree v. Dekalb County*, 433 U.S. 25, 27 n.2; 97 S. Ct. 2490, 2492 n.2, 53 L. Ed. 2d 557 (1977). Ambiguities in the pleadings must be construed in favor of the Plaintiff. *North Avenue Novelties, Inc., v. City of Chicago*, 88 F.3d 441, 444 (7th Cir. 1996), *cert. denied*, 519 U.S. 1056, 117 S. Ct. 684, 136 L. Ed. 2d 609 (1997); *Curtis v. Bembenek*, 48 F.3d 281, 283 (7th Cir. 1995). Under federal notice pleading standards, mere vagueness or lack of detail alone is not sufficient grounds for dismissal. *R & V Pine Tree, Inc., v. Village of Forest Park*, 947 F. Supp. 342, 344 (N.D. Ill. 1996). Dismissal under Fed. R. Civ. P. 12(b)(6) is only appropriate when the plaintiff can prove no set of facts to support the allegations. *Conley v. Gibson*, 355 U.S. 41, 45-46; 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957). Leave to amend the complaint, however, should be freely given absent undue delay and undue prejudice to the opposing party or unless amendment would be futile. Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182; 83 S. Ct. 227, [*5] 230, 9 L. Ed. 2d 222 (1962). Applying these standards to the instant complaint, the Court finds that dismissal of Count I is appropriate, but that the Trustee should be given leave to amend the complaint is he so desires.

Count I of the complaint is directed against

---

[1] Specifically, the Defendants assert that Count I is time barred under the Illinois Uniform Fraudulent Transfer Act; there was a legitimate business purpose for the transfer and there was no intent to harm any creditors of the Debtor; adequate provision was made for the creditors of the Debtor at the time of the transfer; and the Trustee's right of recovery is limited to allowable claims against the debtor existing at the time of the transfer and there are no such claims which the Trustee can assert.

Defendant MRM Group and is primarily based on the Illinois Uniform Fraudulent Transfer Act. The complaint alleges the Debtor fraudulently transferred its assets to Defendant MRM Group on December 28, 1992, with the actual intent to hinder, delay or defraud its creditors. The Trustee seeks to set aside this transfer under ILCS 160/5 using the strong-arm powers set forth in 11 U.S.C. sec. 544 of the Bankruptcy Code and impose liability for the transfer upon Defendant Burack, a shareholder of MRM Group, by piercing the corporate veil.

The Defendants seek to dismiss Count I on three grounds. First, since the transfer in 1992 occurred more than four years before the filing of the complaint, under sec. 740 ILCS 160/10 the Trustee must establish that the transfer could not reasonably have been discovered by creditors earlier and that the complaint was filed within one year of the first date upon which the transfer could [*6] reasonably have been discovered. Since the Trustee fails to expressly allege why creditors discovered the transfer so late and why it could not reasonably have been discovered earlier, the Defendants assert that the normal four year statute of limitations must be applied and the avoidance action is time barred. The memorandum in support of the motion to dismiss also asserts that the Trustee cannot rely upon the strong-arm powers of 11 U.S.C. sec. 544 since the complaint fails to allege the existence of a specific creditor which discovered the transfer within one year of the complaint.

Second, the Defendants assert that paragraph 23 of Count I fails to state a claim since it cites 740 ILCS 165/5(a)(1) which relates to the retroactive effect of the Uniform Single Publication Act dealing with actions for libel and slander. Since the complaint alleges no basis for a libel or slander claim, the Defendants assert that Count I should be dismissed. Lastly, the Defendants memorandum in support of the motion to dismiss also raises the issue that Count I fails to plead fraud with particularity as required by Fed. R. Civ. P. 9(b), is conclusory, and must be dismissed.

A. Trustee's Avoidance [*7] Rights Under 11 U.S.C. sec. 544(b) and Timeliness of Count I under 740 ILCS 160/5 and 160/10

HN2[↑] Section 544 of the Bankruptcy Code provides that the trustee may avoid any transfer of an interest of the debtor in property that is voidable under applicable state law by a creditor holding an unsecured claim that is allowable under sec. 502. This statute does not create a new right of recovery for the trustee. It merely allows the trustee to stand in the shoes of an existing creditor and assert causes of action available to that creditor. 4 *Collier on Bankruptcy* para. 544.03[2] at 544-21. The Defendants argue that the Trustee must specifically allege the existence of an identified creditor who held a claim at the time of the transfer that still had an allowable claim against the Debtor at the time of the petition. While it is true that the Trustee must ultimately prove such a creditor actually exists, *see In re McDowell*, 87 B.R. 554, 558 (Bankr. S.D. Ill. 1988); *In re McElwee*, 161 B.R. 41, 43 (Bankr. S.D. Ill. 1993), he need not plead by name the existence of such a creditor. *Matter of Leonard*, 125 F.3d 543, 544 (7th Cir. 1997). The Complaint clearly alleges in paragraph [*8] 21 and paragraph 22 that the transfer is void or voidable by a creditor or creditors holding an allowable unsecured claim and is therefore voidable by the Trustee. These allegations are sufficient to state a cause of action under sec. 544(b) of the Code. Therefore dismissal of Count I on this ground is inappropriate.

In order to bring an avoidance action under sec. 544, however, the Trustee must have a basis for avoidance arising under applicable non-bankruptcy law. Count I relies upon 740 ILCS 160/5(a)(1) to create the right to avoid the allegedly fraudulent transfer of the Debtor's assets to Defendant MRM Group in December 1992. HN3[↑] Subsection 10(a) of this statute provides that

> "a cause of action with respect to a fraudulent transfer or obligation under this Act is extinguished unless action is brought: (a) under paragraph (1) of subsection (a) of Sec. 5, within 4 years after the transfer was made or the

obligation was incurred, or if later, within one year after the transfer or obligation was or could reasonably have been discovered by the claimant."

740 ILCS 160/10(a). In this case, because the Trustee is relying upon sec. 544 of the Bankruptcy Code, the "claimant" **[*9]** referred to would be an unsecured creditor with an allowable claim.

The transfer in 1992 was clearly more than four years before the filing of this avoidance action. The Trustee, therefore, can only establish a right of avoidance if he asserts that the action was brought within one year of the date that the transfer was or could reasonably have been discovered by the claimant. *HN4*[⬆] "Any action for avoidance under this section must allege when the transfer was discovered, why it was discovered so late, and why the claimant creditor could not have discovered it earlier." *Gilbert Bros., Inc., v. Gilbert*, 258 Ill. App. 3d 395, 399; 630 N.E.2d 189, 192, 196 Ill. Dec. 492 (1994). Absent such allegations, there would be no set of facts which the plaintiff could prove to support the cause of action.

The complaint fails to make any allegations regarding the failure of creditors to discover the transfer earlier or why it could not have reasonably been discovered earlier. Paragraph 10 states "assets transferred pursuant to the agreement did not include the ongoing claims administration, customers, customer lists, phone numbers, goodwill and other intangible assets of the Debtor (the "Business **[*10]** Asset"). Paragraph 11 states as that "through sec. 341 meeting testimony and admissions made by Group's counsel, the Trustee has learned that the Business Assets of the Debtor were in fact transferred without consideration at the time of the execution of the [Asset Purchase] Agreement." Paragraph 12 alleges that "an officer, director and shareholder of Group and a former employee of the Debtor, testified during the sec. 341 meeting of creditors that immediately after the Agreement became effective, the Debtor essentially ceased operations and Group assumed Debtor's existing clients and future work, and operated from the Debtor's business location using the Debtor's phone number and employees." Paragraph 14 goes on to allege that "Group (i) engaged in a business substantially identical to the business Debtor engaged in immediately prior to the transfer of assets and assumed Debtor's ongoing claims administration work; (ii) operated from the same location as the Debtor had operated from and used the Debtor's phone number; (iii) employed essentially all of the same employees as employed by the Debtor; and (iv) had essentially the same ownership, management and supervision as the Debtor."

**[*11]** These allegations are insufficient to assert that the creditors could not have reasonably discovered the transfer of the business assets until the year prior to the filing of the avoidance action when it was discovered by the Trustee. Even accepting all the well-pleaded facts as true and construing the complaint in favor of the Trustee, Count I fails to set forth a timely cause of action for fraudulent transfer under 740 ILCS 160/10. The Trustee argues that paragraphs 11, 14 and 25 (contained only in Count II) "explains that the fraudulent transfer was unknown, and why it was unknown until the Section 341 meeting of creditors" and "explained the concealment of the fraudulent transfer in terms of [Defendant] Group really being the Debtor with only a slight name change, i.e., the alter ego of the Debtor" and "thus, the creditors did not have notice of the asset transfer." Trustee's Response at pages 3-4. The Court rejects this characterization of the pleadings and finds that Count I fails to state a cause of action as drafted.

The Court, however, also concludes that the Trustee should be granted leave to amend Count I since there has been no showing of undue delay or prejudice **[*12]** to the Defendants, and, assuming the Trustee can establish that the transfer could not reasonably have been discovered by creditors prior to the section 341 meeting, amendment would not be futile. The motion to dismiss is therefore granted

in part, Count I is dismissed without prejudice, and the Trustee is granted leave to amend Count I if he so desires.

## B. Failure to State a Cause of Action for Libel or Slander and Apparent Typographical Error in Citation of 740 ILCS 165/5

Paragraph 23 of the Complaint states: "Moreover, because Group was created to implement a scheme to defraud the creditors, its corporate veil should be disregarded and its shareholders should be held liable for any liability of Group under 740 ILCS 165/5(a)(1)."

This statutory citation refers to the retroactive effect of the Uniform Single Publication Act dealing with actions for libel and slander. The Defendants argue that Count I must be dismissed since the complaint contains no allegations to support a cause of action for libel or slander. In their memorandum in support of the motion to dismiss the Defendants recognize that this may be a typographical error. Defendants' Memorandum at p.5 fn.1. **[\*13]** In his Response, the Trustee confirms that a typographical error was made and that reference should have been made in paragraph 23 to 740 ILCS 160/5, not 740 ILCS 165/5. In as much as the Trustee will likely be filing an amended Count I, that typographical error may be cured.

## C. Failure to Plead Fraud with Particularity under Fed. R. Civ. P. 9(b)

The Defendants assert in the memorandum of law in support of their motion to dismiss that the mere allegation that the transfer was made with actual intent to hinder, delay or defraud creditors is conclusory and does not satisfy the requirements of Fed. R. Civ. P. 9(b). The Trustee, however, has alleged sufficient facts underlying this allegation in Count I to comply with Rule 9(b). The Court finds that dismissal of Count I on this ground is inappropriate.

## III. CONCLUSION

The Defendants seek to dismiss Count I on the grounds that the Trustee failed to allege under sec. 740 ILCS 160/10 that the transfer could not reasonably have been discovered by creditors earlier and that the complaint was filed within one year of the first date upon which the transfer could reasonably have been discovered. The Court finds that Count I **[\*14]** does not state a cause of action for fraudulent conveyance as drafted. The motion to dismiss on this ground is therefore granted without prejudice. The Trustee, however, is granted leave to amend Count I if he so desires.

The Trustee is given leave to file an amended complaint by September 18, 1998. The Defendants' shall file any reply thereto by October 2, 1998. This adversary matter is then set for further status on November 10, 1998, at 10:30 a.m. ENTER:

ERWIN I. KATZ

United States Bankruptcy Judge

Dated: September 8, 1998

---

**End of Document**