

 Positive
As of: April 2, 2025 8:29 PM Z

# Jacobs v. Jacobs

United States District Court for the Northern District of Ohio, Eastern Division

December 6, 2007, Decided; December 6, 2007, Filed

CASE NO: 1:07-cv-01043

**Reporter**
2007 U.S. Dist. LEXIS 99913 *

RICHARD E. JACOBS, in his capacity as Trustee of certain Trusts, Plaintiff, vs. DAVID H. JACOBS, JR., et al., Defendants.

**Subsequent History:** Accepted by, Adopted by, Motion granted by, in part, Motion denied by, in part, Claim dismissed by Jacobs v. Jacobs, 2008 U.S. Dist. LEXIS 23968 (N.D. Ohio, Mar. 26, 2008)

**Prior History:** Jacobs v. Jacobs, 2006 U.S. Dist. LEXIS 112400 (N.D. Ohio, May 3, 2006)

**Counsel:**  [*1] For Richard E. Jacobs, Plaintiff, Counter-Defendant: Daniel R. Warren, David A. Carney, G. Karl Fanter, Steven M. Dettelbach, Terry M. Brennan, Thomas D. Warren, Baker & Hostetler - Cleveland, Cleveland, OH.

For David Henry Jacobs, Jr., John W. Jacobs, Marie D. Jacobs, Defendants, Counter-Claimants: John E. Schiller, Michael D. Zaverton, Sara Ravas Cooper, LEAD ATTORNEYS, Michael J. Jordan, Sarah L. Iddings, Susan Keating Anderson, Walter & Haverfield, Cleveland, OH.

For John W. Jacobs, Marie D. Jacobs, Counter-Claimants: Michael D. Zaverton, Sara Ravas Cooper, LEAD ATTORNEYS, John E. Schiller, Walter & Haverfield, Cleveland, OH.

For Richard E. Jacobs, Counter-Defendant: Daniel R. Warren, David A. Carney, Terry M. Brennan, Thomas D. Warren, Baker & Hostetler - Cleveland, Cleveland, OH.

**Judges:** Nancy A. Vecchiarelli, United States Magistrate Judge. JUDGE CHRISTOPHER A. BOYKO.

**Opinion by:** Nancy A. Vecchiarelli

# Opinion

### REPORT & RECOMMENDATION

This matter was referred to the Magistrate Judge for a Report and Recommendation on the plaintiff's motion to dismiss the defendants' counterclaims (Doc. No. 15). (Doc. No. 24.) For the reasons set forth below, the Magistrate Judge recommends that the plaintiff's motion to dismiss [*2] (Doc. No. 15) be **GRANTED** in part and **DENIED** in part.

### I. FACTUAL BACKGROUND

#### A. The Trusts

Plaintiff, Richard E. Jacobs (hereinafter "Trustee")[1] filed this action for declaratory relief in his

---

[1] As the parties were engaged in prior litigation in which their roles as plaintiff and defendant were reversed, the Court has substituted these terms with the terms "trustee" and "beneficiaries" to avoid confusion.

capacity as trustee of trusts created by his brother, David H. Jacobs, Sr. ("David Jacobs, Sr."). (Doc. No. 1, Compl. ¶ 1.) The trusts that are the subject of this case were established and are governed by two instruments: 1) the David H. Jacobs Declaration of Trust ("Declaration of Trust") and 2) the Irrevocable Trust Agreement ("Trust Agreement"). (*Id.* ¶ 2.)

Under the Declaration of Trust, executed by David Jacobs, Sr. on August 24, 1987, Richard E. Jacobs became the individual trustee of various trusts upon David Jacob, Sr.'s death in 1992. The Declaration of Trust provides that the trustee "shall receive reasonable compensation for services hereunder, unless waived, and shall be reimbursed for expenditures properly made on behalf of any Trust." (Doc. No. 1, Compl. ¶ 12.) Under the Trust [*3] Agreement, executed by David Jacobs, Sr. and his wife, the individual trustee is "entitled to receive for his ordinary services hereunder, such compensation, if any, as from time to time may be approved . . . by a majority of adult lineal descendants of the grantors who are then living and competent to act," and may also receive "reasonable additional compensation" for "extraordinary services." (*Id.* ¶ 14.) From 1992 to the present, the Trustee has not received compensation for his services. (Doc. No. 1, Compl ¶ 15; Doc. No. 10, Answ. ¶ 35.)

## B. The 2004 Lawsuit and the Settlement Agreement

On November 9, 2004, David H. Jacobs, Jr. ("David Jacobs, Jr."), a beneficiary of the trusts and the Trustee's nephew, filed a complaint in the United States District Court for the Northern District of Ohio. That case was styled *David H. Jacobs, Jr., et al. v. Richard E. Jacobs, et al.*, 1:04-cv-02235. The initial complaint sought, among other things, the removal of the Trustee, monetary damages, and a declaration that the Trustee was not entitled to any and all fees relating to his services as trustee. (Doc. No. 1, Compl. ¶ 31; Doc. No. 10, Answ. ¶ 31.) In an amended complaint filed in March 2005, David [*4] Jacobs, Jr.'s two siblings, John W. Jacobs and Marie D. Jacobs, also beneficiaries of the trust, joined the lawsuit as plaintiffs. (Doc. No. 1, Compl. ¶ 32; Doc. No. 10, Answ. ¶ 32.) In a second amended complaint filed in March 2006, David Jacobs, Jr., John W. Jacobs, and Marie D. Jacobs (hereinafter collectively "the Beneficiaries") stated twelve requests for relief, but did not seek relief related to the issue of whether the Trustee was entitled to fees.

On September 7, 2006, the parties reached a settlement agreement ("the Settlement Agreement") and the Beneficiaries dismissed their case with prejudice. (Doc. No. 1, Compl. ¶ 36; Doc. No. 10, Answ. ¶ 36.) The Settlement Agreement contains mutual releases. Paragraph 6 of the Settlement Agreement provides, in relevant part, as follows:

> 6. <u>Mutual Releases</u>
>
> a. [The Beneficiaries]. . . forever waive and release [the Trustees]. . . from all claims that [the Beneficiaries]. . . have, may have or may have had against any of them, including any claims that could be asserted derivatively, from the beginning of time through the Effective Date, relating to [the trusts]. . . . This release includes, but is not limited to, those claims which are, [*5] have been, or could have been raised or asserted in the litigation.
> b. [The Trustees]. . . forever waive and release [the Beneficiaries]. . . from all claims that [the trustees] have, may have, or may have had against any of them, including but not limited to the filing of the Litigation and the publication of a November 9, 2004 press release.
> c. These mutual releases shall not be construed to limit or modify in any manner any of [the trustees'] powers, rights, responsibilities, or obligations (a) as trustees, as specifically set forth in [the Declaration of Trust and the Trust Agreement]. . . .

(Doc. No. 15-3, Settlement Agreement.)

**C. The Current Dispute**

The current dispute between the parties relates to whether the Trustee is entitled to compensation for his past services as trustee. In January 2007, several months after the Settlement Agreement was executed and the 2004 case dismissed, the Trustee sent a letter to the Beneficiaries requesting compensation for his services over the past fifteen years. (Doc. No. 1, Compl. ¶ 42; Doc. No. 10, Answ. ¶ 42.) In March, 2007, the Beneficiaries responded to the request with a letter asserting their position that the Trustee is not entitled to **[\*6]** fees for past services, but that the Beneficiaries would agree to some compensation on a "going forward" basis. (Doc. No. 1, Compl. ¶ 43; Doc. No. 10, Answ. ¶ 43; Doc. No. 10-3, Def. Letter.) Shortly thereafter, the Trustee filed the Complaint in the instant case. (Doc. No. 1.)

**II. PROCEDURAL HISTORY**

The Complaint, filed April 10, 2007, asserts two claims for declaratory relief. The Trustee seeks the following declarations: (1) "[a] declaration that he is entitled to receive compensation for his services as trustee" and (2) "[a] declaration as to the amount of compensation he should receive, and instructions regarding the manner of payment of the compensation." (*Id*. at 11.)

On May 29, 2007, the Beneficiaries filed an Answer in which they assert sixteen affirmative defenses, including the defenses of waiver, laches, and equitable estoppel. (Doc. No. 10 at 10-12.) In addition, they assert the following six counterclaims: Breach of Fiduciary Duty (Count I); Fraudulent Concealment (Count II); Fraudulent Inducement (Count III); Request for Declaratory Judgment Trustee Has Waived his Right To Fees Under the Trusts (Count IV); Request for Declaratory Judgment Trustee Is Not Entitled to Fees **[\*7]** Under the Trusts Pursuant to the Doctrine of Laches (Count V); and Request for Declaratory Judgment Trustee is Equitably Estopped From Claiming Fees Under the Trusts (Count VI). (*Id*. at 20-27.)

On July 6, 2007, the Trustee filed a motion to dismiss the counterclaims for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6). (Doc. No. 15.) The Beneficiaries filed a brief in opposition on August 3, 2007 (Doc. No. 20), and the Trustee filed a reply brief on August 27, 2007 (Doc. No. 22). On August 29, 2007, Judge Boyko referred the motion to the Magistrate Judge for a Report and Recommendation. (Doc. No. 24.)

**III. STANDARD UNDER FED. R. CIV. P. 12(b)(6)**

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) "should not be granted unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). All well-pleaded allegations must be taken as true and construed most favorably toward the non-movant. *See Mayer v. Mylod*, 988 F.2d 635, 637 (6th Cir. 1993). While a court may not grant a Rule 12(b)(6) motion based on disbelief of **[\*8]** a complaint's factual allegations, *see Lawler v. Marshall*, 898 F.2d 1196, 1199 (6th Cir. 1990), the court "need not accept as true legal conclusions or unwarranted factual inferences." *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). Consequently, a complaint will not be dismissed pursuant to Rule 12(b)(6) unless there is no law to support the claims made, the facts alleged are insufficient to state a claim, or there is an insurmountable bar on the face of the complaint.

**IV. ANALYSIS**

The Trustee asserts that the Beneficiaries' counterclaims for breach of fiduciary duty, fraudulent inducement, and fraudulent concealment fail to state a claim as a matter of law and are

barred by the terms of the Settlement Agreement. He further asserts that the Beneficiaries' counterclaims for a declaration regarding the defenses of waiver, estoppel, and laches should be dismissed as duplicative of their affirmative defenses. The Court addresses each argument below.

## A. Settlement Agreement as a Bar to Fraud Claims and Breach of Fiduciary Duty Claim

Under Ohio law, when a party asserts a claim for fraud in the inducement alleging that a misrepresentation induced the party to agree to a release [*9] in a settlement agreement, the settlement agreement is not void, but merely voidable. *Jacobs, By and Through Carroll v. Invisible Fence Co., Inc*., 201 F.3d 440 (Table), No. 98-4549, 1999 U.S. App. LEXIS 32201, at *3 (6th Cir. Dec. 3, 1999) (citing *Picklesimer v. Baltimore & Ohio R. Co*., 151 Ohio St. 1, 5, 84 N.E.2d 214 (Ohio 1949)). To maintain an action for fraud under these circumstances, the party must first rescind the agreement and return consideration. *Id*. The Trustee argues that the Beneficiaries' fraud claims must be dismissed because, rather than rescind the Settlement Agreement, the Beneficiaries have ratified it.

It is clear that the Beneficiaries do not seek to rescind the Settlement Agreement. [2] They assert that "[the Trustee's] Complaint is barred because [the Trustee] has settled, compromised, or otherwise discharged his claim for past trustee fees against the [Beneficiaries] pursuant to the Settlement Agreement." (Doc. No. 10, Affirmative Defenses, ¶ 12.) The Beneficiaries again invoke the release in their "Motion to Strike Paragraphs 28-30 From Plaintiff's Complaint," wherein they argue that certain allegations in the Complaint "are clearly barred by the release [the Trustee] signed." [*10] (Doc. No. 11 at 3.) Thus, the Beneficiaries seek to enforce the Settlement Agreement. Because Ohio law is clear that a party may not maintain an action for fraud without first rescinding the Settlement Agreement, and the Beneficiaries have chosen to enforce the Settlement Agreement, their claims for fraudulent concealment (Count II) and fraudulent inducement (Count III) should be dismissed. [3]

The Beneficiaries' counterclaim for breach of fiduciary duty (Count I) is another matter. Ohio law does not require a party to rescind a settlement agreement before asserting a claim for breach of fiduciary duty. Moreover, the Beneficiaries' breach of fiduciary duty claim does not appear to be barred by the terms of the release. The release provides that the Beneficiaries release "all claims that [they]. . . have, may have or may have had . . . including any claims that could be asserted derivatively, from the beginning of time through the Effective Date, relating to [the trusts]." (Doc. No. 15-3 at 2.) The release "includes, but is not limited to, those claims which are, have been, or could have been raised or asserted in the [prior] litigation." (*Id*.)

The Beneficiaries' breach of fiduciary duty claim is not a claim that the Beneficiaries had or may have had before or through the effective date of the Settlement Agreement. [*12] This is so because the alleged breach and injury arose out of the negotiation and execution of the Settlement Agreement itself. For the same reason, the claim is not one that was, had been, or could have been

---

[2] The Beneficiaries do not appear to dispute the position that they have ratified the Settlement Agreement; their brief is unresponsive on this point.

[3] Although the Ohio rule applies to claims for "fraud in the inducement," the term is used in the general sense so as to distinguish such claims from claims based on "fraud in the factum." Where a claim is based on "fraud in the factum," the claimant need not first rescind the agreement because the release is void *ab initio*. Fraud in the factum occurs when the misrepresentation precludes the releasor from understanding the "nature or character of the purported agreement." *Haller v. Borror Corp.*., 50 Ohio St. 3d 10, 13-14, 552 N.E.2d 207 (Ohio 1990). Fraud in the inducement occurs when a misrepresentation relates to the contents of the release and induces a party to execute [*11] the release. *Id*. at 14. Here, the Beneficiaries' claim for fraudulent concealment is a type of "fraud in the inducement," as it is based on an alleged misrepresentation — in the form of a concealment— of facts that induced the Beneficiaries to release their claims.

asserted in the prior litigation. Taking the Beneficiaries' allegations as true, the Beneficiaries did not know of the Trustee's intent until after they executed the Settlement Agreement. Finally, the Sixth Circuit has refused to read the general language of a release as encompassing "claims of which the releasor was unaware, particularly if the releasee concealed them from him." *Forry, Inc. v. Neundorfer Inc*., 837 F.2d 259, 263 (6th Cir. 1988) (citing *Parker v. DeKalb Chrysler Plymouth*, 673 F.2d 1178, 1182 (11th Cir. 1982). In light of the Beneficiaries' allegations, their breach of fiduciary duty claim should not be dismissed as barred under the Settlement Agreement.

## B. Failure to State a Claim for Breach of Fiduciary Duty

In addition to his argument that the breach of fiduciary duty claim is barred by the Settlement Agreement, the Trustee argues that the Beneficiaries fail to allege sufficient facts necessary to state a claim for breach of fiduciary duty. To state a claim for  [*13] breach of fiduciary duty, the Beneficiaries must allege (1) the existence of a duty arising from a fiduciary relationship, (2) a failure to observe the duty, and (3) an injury resulting proximately therefrom. *Strock v. Pressnell*, 38 Ohio St. 3d 207, 527 N.E.2d 1235, 1244 (Ohio 1988).

The essence of the Beneficiaries' claim is that the Trustee had the intent to seek past trustee fees and failed to disclose that intent in his audited financial statements and during settlement negotiations in the prior case. The Beneficiaries claim they have been injured as a proximate result thereof because they relied on the nondisclosure in agreeing to a release of their claims through the Settlement Agreement. They further claim that the Trustee's attempt to use the Settlement Agreement "offensively to prevent [the Beneficiaries] from challenging his claim to over $120 million dollars in trustee fees" constitutes both a breach and an injury. They argue that the allegations in ¶¶ 18-66 of their Counterclaims, if taken as true, support their claim for breach of fiduciary duty.

In reviewing the sufficiency of the Beneficiaries' pleadings in the face of a Rule 12(b)(6) motion, the Court must take the Beneficiaries' well-pleaded  [*14] allegations as true, and construe them in the light most favorable to the Beneficiaries. The Beneficiaries allege the existence of a fiduciary relationship with the Trustee that gives rise to fiduciary duties and in particular, the duty of disclosure. They allege that the Trustee breached the duty of disclosure when he failed to disclose a material fact of which the Beneficiaries were not aware — his intent to seek compensation for past services as trustee — during settlement negotiations, and that the nondisclosure of that fact induced them to agree to the mutual releases and that they have been harmed thereby. They further allege that the Trustee's attempt to use the Settlement Agreement "offensively to prevent the Beneficiaries from challenging his claim to over $120 million dollars in trustee fees" constitutes both a breach and an injury. (Doc. No 10, Counterclaims, ¶ 65.)

Based on the foregoing allegations, the Beneficiaries have pled sufficient facts in support of the elements of their claim. It does not appear beyond doubt that they can prove no set of facts to entitle them to relief. Accordingly, a dismissal of the Beneficiaries' breach of fiduciary duty counterclaim is not  [*15] appropriate at this stage of the proceedings.

## C. Claims for Declaratory Relief Regarding Waiver, Estoppel, and Laches as Duplicative

Counts IV, V, and VI of the Beneficiaries' counterclaims assert claims for declaratory relief. The Beneficiaries seek declarations that the Trustee has waived his right to compensation for past services as trustee and is barred from receiving compensation under the doctrines of laches and equitable estoppel. (Doc. No. 10 at 24-27.) The Trustee argues that these counterclaims are duplicative of the Beneficiaries' affirmative

defenses and should, therefore, be dismissed.

The Beneficiaries do not contest that their counterclaims for declaratory relief reassert their affirmative defenses. They respond that they are "concerned that the Trustee may voluntarily dismiss his own request for declaratory judgment leaving the Beneficiaries with no closure on this matter." (Doc. No. 20 at 17.) They assert these claims in an effort to ensure that the issue of whether the Trustee is entitled to compensation for past services will be completely and finally resolved in this litigation. *Id*. Although the claims appear redundant, because the Beneficiaries have stated a good **[\*16]** reason for asserting them, and the Court finds no harm in allowing them at this time, dismissal of their counterclaims for declaratory relief — Counts IV, V, and VI — is not appropriate.

## V. CONCLUSION

For the reasons set forth above, dismissal of the Beneficiaries' claims for fraudulent concealment (Count II) and fraudulent inducement (Count III) is appropriate, as those claims are barred under Ohio law. However, dismissal of the Beneficiaries' breach of fiduciary duty claim (Count I) and their requests for declaratory judgment as to the affirmative defenses of waiver, laches, and estoppel (Counts IV, V, and VI) is not warranted. Accordingly, the Magistrate Judge recommends that the plaintiff Trustee's motion to dismiss (Doc. No. 15) be **GRANTED** in part and **DENIED** in part.

/s/ *Nancy A. Vecchiarelli*

Nancy A. Vecchiarelli

United States Magistrate Judge

DATE: December 6, 2007

## **OBJECTIONS**

**Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days after being served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order.** *See United States v. Walters*, **638 F.2d 947 (6th Cir. 1981)**. **[\*17]** *See also Thomas v. Arn*, **474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985),** *reh'g denied*, **474 U.S. 1111, 106 S. Ct. 899, 88 L. Ed. 2d 933 (1986)**.

**End of Document**