

 Positive
As of: April 2, 2025 8:29 PM Z

# Parizek v. Cnty. of Ward North Dakota

United States District Court for the District of North Dakota

November 14, 2019, Decided; November 14, 2019, Filed

Case No. 1:18-cv-110

**Reporter**
2019 U.S. Dist. LEXIS 251793 *; 2019 WL 13394578

Scott Roman Parizek, Plaintiff, vs. County of Ward N.D., Sheriff Steve Kukowski, Defendants.

**Counsel: [*1]** For Steven Kukowski, Sheriff, Defendant: Bradley Neuman Wiederholt, Bakke Grinolds Wiederholt, Bismarck, ND.

Scott Roman Parizek, Plaintiff, Pro se, Bismarck, ND.

For Ward County of, Defendant: Randall J. Bakke, Bakke Grinolds Wiederholt, Bismarck, ND.

For Steven Kukowski, Sheriff, Defendant: Shawn A. Grinolds, Randall J. Bakke, Bakke Grinolds Wiederholt, Bismarck, ND.

For Ward County of, Defendant: Bradley Neuman Wiederholt, Shawn A. Grinolds, Bakke Grinolds Wiederholt, Bismarck, ND.

**Judges:** Clare R. Hochhalter, Magistrate Judge.

**Opinion by:** Clare R. Hochhalter

## Opinion

### REPORT AND RECOMMENDATION

Before the court is a Motion for Partial Dismissal of Plaintiff's Amended Complaint filed by defendants on March 29, 2019. For the reasons set forth below, I recommend that the motion be granted in part and that Sheriff Steve Kukowski be removed from the case caption.

### I. BACKGROUND

Plaintiff is an inmate at the North Dakota State Penitentiary. He initiated the above-captioned action *pro se* and in *forma pauperis* pursuant to 42 U.S.C. § 1983. (Doc. Nos. 1-5). His complaint named the Ward County Jail as the defendant. (Doc. No. 7).

The court screened plaintiff's complaint as mandated by 28 U.S.C. § 1915A. (Doc. No. 11). Noting, among other things, that the Ward County **[*2]** Jail is not amenable to suit under § 1983, it granted plaintiff leave to file an amended complaint. (Id.).

On November 1, 2018, plaintiff filed an amended complaint asserting claims against Ward County and Sheriff Steve Kukowski. (Doc. No. 12). Unprepared to conclude that plaintiff had stated no cognizable claim for relief, the court directed the Clerk's office to effectuate service. (Doc. No. 13).

On March 29, 2019, defendants filed an answer. (Doc. No. 25). They also filed a motion for partial dismissal of the amended complaint as to Sherif Kukowski pursuant to Rules 12(b)(6), 20, and 21 of the Federal Rules of Civil Procedure. (Doc. No. 25). The court twice extended defendant's deadline for filing a response. (Doc. Nos. 31 and 33). The deadline lapsed on June 17, 2019. Plaintiff has yet

to file a response. His silence may be deemed an admission that defendants' motion is well taken See D.N.D. Civ. L.R. 7.1(F).

## II. STANDARD OF REVIEW

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8 (a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure mandates the dismissal of a claim if there has been a failure to state a claim upon which relief can be granted.

In order to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted **[*3]** as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). A plaintiff must show that success on the merits is more than a "sheer possibility." Id. A complaint is sufficient if its "factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The court must accept all factual allegations as true, except for legal conclusions or "formulaic recitation of the elements of a cause of action." Id. at 681. *Pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers. Detailed factual allegations are not necessary under the Rule 8 pleading standard, rather a plaintiff must set forth grounds of its entitlement to relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A complaint does not "suffice if ittenders a naked assertion devoid of further factual enhancement." Ashcroft, 556 U.S. at 678 (2009). The determination of whether a complaint states a claim upon which relief can be granted is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."

Id. at 679. Dismissal will not be granted unless **[*4]** it appears beyond doubt that the plaintiff can prove no set of facts entitling the plaintiff to relief. Ulrich v. Pope Cnty, 715 F.3d 1054, 1058 (8th Cir. 2013).

## III. DISCUSSION

Defendants seek dismissal of plaintiff's amended complaint as it pertains to Sheriff Kukowski on two grounds. First, they assert that Sheriff Kukowski bears no liability by virtue of the fact that he was on interim suspension at all times relevant to this action. For support they rely on an affidavit from Sheriff Kukowski and Ward County Commission special meeting minutes that they filed in conjunction with their motion. (Doc. Nos. 28). Second, they assert that plaintiff's official capacity claim against Sheriff Kukowski is redundant with plaintiff's claim against Ward County.

Consideration of the first ground would require the court to look beyond the four corners of the pleadings, which it turn would require the court to convert defendants' motion to dismiss to a motion for summary judgment. See Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to **[*5]** the motion."). For the sake of expediency and given the capacity in which plaintiff is suing Sheriff Kukowski, the court should exclude Sheriff Kukowski's affidavit and the Ward County Commission's special meeting minutes, decline to consider defendant's first ground, and instead focus on the second ground asserted by defendants.

A suit against an individual in his "official" capacity is the functional equivalent of a suit against the government entity. See Will v. Michigan Dep't of State Police, 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989) (opining

that a suit against a state official is no different from a suit against the State itself); see also Kentucky v. Graham, 473 U.S. 159, 165, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985) ( "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.").

On his form amended complaint, in response to its pre-printed questions regarding the capacity in which he is suing the named defendants, plaintiff unequivocally expresses his intent to proceed against Sheriff Kukowski solely in his official capacity. (Doc. No. 12). Specifically, when asked if he is suing Sheriff Kukowski in his official capacity, he responded in the affirmative. (Id.). When asked if he is suing Sheriff Kukowski in **[*6]** his individual capacity, he responds in the negative. (Id.). As an aside, it should be noted that, other than identifying Sheriff Kukowski as a defendant, the plaintiff makes no further mention of Sheriff Kukowski in his amended complaint. (Id.)

Because plaintiff is also suing Ward County, his official capacity claims against Sheriff Kukowski ultimately adds nothing. Rather, they are redundant. Consequently, the amended complaint as it pertains Sheriff Kukowski may be dismissed. See e.g., Newby v. Sharp, No. 3:11-CV-534, 2012 U.S. Dist. LEXIS 51734, 2012 WL 1230764, at *4 (E.D. Tenn. Apr. 12, 2012) ("[W]here plaintiff has sued the sheriff and officers of the sheriff's office in their official capacities as well as the County itself, the official capacity claims are redundant" and "will be dismissed."); Smith v. Sangamon Cty. Sheriff's Dep't, No. 07-3150, 2008 U.S. Dist. LEXIS 47237, 2008 WL 2477683, at *2 (C.D. Ill. June 18, 2008) ("[I]n any claim in which the Sangamon County Sheriff's Department also is named as a defendant, claims against the other Defendants in their official capacities are redundant and should be dismissed."); Williams v. City of Tulsa, No. 11-CV-469-TCK-FHM, 2013 U.S. Dist. LEXIS 8206, 2013 WL 244049, at *11 (N.D. Okla. Jan. 22, 2013), aff'd, 627 F. App'x 700 (10th Cir. 2015) ("In cases where both the governmental entity and official are sued, any official capacity claims are redundant with those against the entity and therefore subject to dismissal."); Moore v. Bd. of Cty. Comm 'rs of Cty. of Leavenworth, 470 F.Supp.2d 1237, 1256 (D. Kan.2 007) (granting summary judgment in favor of sheriff on official capacity claims because they were redundant **[*7]** with claims asserted against county itself); Gantt v. Whitaker, 203 F. Supp. 2d 503, 508 (M.D.N.C. 2002), aff'd, 57 F. App'x 141 (4th Cir. 2003) (dismissing as redundant an official capacity claim against a deputy sheriff that was identical to an official capacity claim as the sheriff).

## IV. CONCLUSION AND RECOMMENDATION

I **RECOMMEND** that the court deem plaintiff's official capacity claims against Sheriff Kukowski to be redundant, **GRANT** defendants' motion (Docket No. 26) for this reason, and strike Sheriff Kukowksi's name from the case caption.

## NOTICE OF RIGHT TO FILE OBJECTIONS

The parties shall have until November 29, 2019, to file objections to this Report and Recommendation. See D.N.D. Civil L.R. 72.1(D)(3). Failure to file appropriate objections may result in the recommended action being taken without further notice or opportunity to respond.

Dated this 14th day of November, 2019.

*/s/ Clare R. Hochhalter*

Clare R. Hochhalter, Magistrate Judge

United States District Court

**End of Document**