IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Case No. 25-30002 |
| | ) | (Chapter 11) |
| GENERATIONS ON 1ST, LLC | ) | |
| | ) | |
| Debtor | ) | |
| | ) | |
| | ) | Case No. 25-30003 |
| In re: | ) | (Chapter 11) |
| | ) | |
| PARKSIDE PLACE, LLC | ) | Jointly Administered |
| | ) | |
| Debtor | ) | |
| | ) | |
| | ) | Adv. Case No. 25-07009 |
| GENERATIONS ON 1ST, LLC, *et al.* | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RED RIVER STATE BANK | ) | |
| | ) | |
| Defendant | ) | |
| | ) | |

**<u>MOTION TO DISMISS COUNTERCLAIMN AND STRIKE THIRD-PARTY CLAIM</u>**

Come now Generations on 1st, LLC ("Generations") and Parkside Place, LLC ("Parkside") (collectively, the "Debtors" or "Plaintiffs" and each a "Debtor" or "Plaintiff"),[1] by and through undersigned counsel, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 14(a)(4), and move

---

[1] The Ruins, LLC—also a debtor in bankruptcy and also a plaintiff in this proceeding—is excluded from the definition insofar as undersigned counsel no longer represents that entity, following the conversion of The Ruins, LLC's bankruptcy to a proceeding under chapter 7. *See* 11 U.S.C. § 323(a) ("The trustee in a case under this title is the representative of the estate."); *Lamie v. U.S. Trustee*, 540 U.S. 526, 532 (2004) (holding counsel for a chapter 11 debtor-in-possession ceases to serve upon conversion of a case to chapter 7).

1

to dismiss and strike the Counterclaim and Third-Party Complaint, DE #31 at pp. 18-94, of Red River State Bank ("RRSB"), and in support thereof state as follows:[2]

## I. Introduction

In the Counterclaim and Third-Party Complaint, RRSB attempts to (i) implead third-party defendants for purposes of advancing claims other than ones for indemnity, contribution and/or subrogation; (ii) commandeer avoidance claims that belong—exclusively—to the two debtors-in-possession (alongside the chapter 7 trustee of The Ruins, LLC); and (iii) assert untimely claims outside the proper contours of the filing of a proof of claim. None of these maneuvers are permissible under well-settled, controlling law. And it is thusly appropriate to dismiss the whole of the Counterclaim and Third Party Complaint whilst also striking those causes of action presented as putative third-party claims.

## II. Argument: A Third Party Complaint Cannot Be Used to Pursue Independent Claims

RRSB's responsive pleading asserts some fourteen causes of action, of which eight—counts seven through fourteen—are brought against third parties who are not debtors in this Honorable Court. Yet, under relevant law, a third-party complaint is not an opportunity to cast a wide net of related grievances against parties other than the plaintiffs in a given suit; a third-party complaint, to the contrary, is a niche vehicle that may only be used to pursue claims for indemnity,

---

[2] Counsel for RRSB graciously agreed to allow the Debtors to and through January 6, 2026 to file a response to the pleading. The Debtors acknowledge this is outside the 21-day period set forth in Rule 12(a)(1)(B). To the extent this Honorable Court believes any theory of dismissal to be nonetheless untimely, the Debtors ask this brief be considered as one for judgment on the pleadings, pursuant to Rule 12(c).

contribution and, in rare circumstances, subrogation.³ None of the claims advanced by RRSB fall within this narrow purview and these eight counts are accordingly meritorious of dismissal.

The Federal Rules of Civil Procedure allow, *inter alia*, "[a] defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). *See also* Fed. R. Bankr. P. 7014 (applying Rule 14 in adversary proceedings).

As explained by the United States Court of Appeals for the Eighth Circuit, of the exceedingly narrow allowances of third-party practice under Rule 14:

> Rule 14(a) allows a defendant to assert a claim against any person not a party to the main action only if that third person's liability on that claim is in some way dependent upon the outcome of the main claim. Rule 14(a) does not allow the defendant to assert a separate and independent claim even though the claim arises out of the same general set of facts as the main claim.

*Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 698 (8th Cir. 2003) (quoting *United States v. Olavarrieta*, 812 F.2d 640, 643 (11th Cir. 1987); citing *Gaines v. Sunray Oil Co.*, 539 F.2d 1136, 1139 n.7 (8th Cir. 1976); *Stewart v. American Internat'l Oil & Gas Co.*, 845 F.2d 196, 199 (9th Cir. 1988)). *See also United States v. Bailey*, 516 F. Supp. 2d 998, 1020 (D. Minn. 2007) ("Thus, Bailey's claim against the County cannot be an independent claim (such as, say, misrepresentation or negligence), because such claims cannot be brought under Rule 14. Instead, his claim must be in the nature of a claim for indemnity or contribution, such as the type of claim that an insured might bring against his insurer after being sued for damages in connection with a car accident."); *Farmers Prod. Credit Asso. v. Whiteman*, 100 F.R.D. 310, 312 (N.D.N.Y. 1983) ("The crucial characteristic of a Rule 14 claim is that defendant is attempting to transfer to the third-party

---

³ The fascinating oddities of how one might have a subrogation claim, without an accompanying indemnity or contribution claim, are sadly immaterial to the case *sub judice*.

3

defendant the liability asserted against him by the original plaintiff. The mere fact that the alleged third-party claim arises from the same transaction or set of facts as the original claim is not enough.") (quoting Wright & Miller, 6 Fed. Prac. & Proc. § 1446 at 257 (1971 ed.)).

Here, none of the third-party claims fall within the definitional scope of Rule 14, nor are any for indemnity or contribution. RRSB is being sued to avoid a fraudulent conveyance, for fraud, for deceit, for negligence per se, and for declaratory relief. *See* First Amended Complaint, DE #28, *passim*. Nowhere, however, does RRSB's responsive pleading assert that liability for any of these causes of action would, in turn, invite some derivative or resultant monetary obligation on the part of any of the third parties impleaded by RRSB.

To the contrary, all of the third-party claims brought by RRSB are for (i) fraudulent transfers under state law (counts seven through twelve) and (ii) veil-piercing (counts thirteen and fourteen). There is no discernable nexus between these theories of relief and those pleaded against the bank, saving the broad commonality of being causes of action that stem from the fraught relationship between a financial institution and its borrowers who are endeavoring to reorganize in chapter 11.

Stated otherwise, none of these third-party claims are "in some way dependent upon the outcome of the main claim[s]" being advanced by the Debtors. *Mattes*, 323 F.3d at 698. RRSB does not need to lose on any of the Debtors' claims to succeed on these third-party claims, nor is there any apparent causal or correlative relationship between the Debtors' success on their claims and that of RRSB on these third-party claims.

To be sure, Rule 14 expressly allows "[a]ny party may move to strike the third-party claim. . . ," Fed. R. Civ. P. 14(a)(4). Accordingly, while the Debtors are certainly *not* the third-party defendants impleaded by RRSB, and while no relief is sought from the Debtors in counts seven

4

through fourteen of the pleading, the Debtors do have standing to seek to strike these causes of action. And, under well-settled Eighth Circuit precedent, alongside the plain language of the Federal Rules of Civil Procedure, such is the appropriate remedy here.

### III. Argument: Avoidance Claims are the Exclusive Property of the Debtors-in-Possession and Chapter 7 Trustee

Even if, *arguendo*, RRSB could assert third-party claims for relief other than indemnity and contribution, counts seven through twelve—each for fraudulent transfer liability under state law—would merit dismissal. Only a bankruptcy trustee—or, in the context of a chapter 11 case in which no trustee has been appointed, a chapter 11 debtor-in-possession, 11 U.S.C. § 1107(a)— may bring avoidance claims. RRSB is assuredly not a trustee serving under chapter 11 and, somewhat-coincidentally, is not even eligible to be a debtor-in-possession, 11 U.S.C. § 109(d). These are accordingly claims the bank lacks standing to pursue.

One of the hallmark cases on point comes from the United States Bankruptcy Court for the District of Kansas, which has explained, *inter alia*:

> Claims under the UFTA are within the scope of §544(b). When there is at least one unsecured creditor holding an allowed claim and avoidance rights, the Trustee is vested with the exclusive right to pursue that claim. The vesting of the right to set aside the transfer in the Trustee suspends the rights of all creditors to pursue the state law claim, and that right is not restored until the Trustee no longer has a viable claim or the court orders the claim restored to a creditor.

*In re Berg*, 376 B.R. 303, 311 (Bankr. D. Kan. 2007) (citing *Mazer v. Jones (In re Jones)*, 184 B.R. 377 (Bankr. D.N.M. 1995); *Barber v. Westbay (In re Integrated Agri, Inc.)*, 313 B.R. 419, 427 (Bankr. CD. Ill. 2004); *Klingman v. Levinson*, 158 B.R. 109, 113 (D. N.D. Ill. 1993); *Liddle & Robinson, L.L.P. v. Daley (In re Daley)*, 224 B.R. 307, 310-311 (Bankr. S.D.N.Y. 1998)). *See also Hillen v. City of Many Trees, LLC (In re CVAH, Inc.)*, 570 B.R. 816, 835 (Bankr. D. Idaho 2017) ("Because of a debtor's bankruptcy filing, individual creditors, like IRS, are prevented by the Code from exercising its right to pursue transferees of avoidable transfers; only the bankruptcy

5

trustee can pursue avoidance actions.") (citing *Estate of Spirtos v. One San Bernardino Cty. Superior Court*, 443 F.3d 1172, 1175 (9th Cir. 2006); *In re Conley*, 159 B.R. 323, 324-25 (Bankr. D. Idaho 1993) (citing *Hansen v. Finn (In re Curry & Sorensen, Inc.)*, 57 B.R. 824, 827 (9th Cir. BAP 1986))).

Plainly, counts seven through twelve of the bank's pleading are for relief under North Dakota's iteration of the Uniform Voidable Transactions Act, which is the successor to the Uniform Fraudulent Transfers Act ("UFTA") noted by the *Berg* Court. *See Alliant Tax Credit 31 v. Murphy*, 924 F.3d 1134, 1139 (11th Cir. 2019) (noting the UVTA to be the successor to the UFTA). And these are accordingly claims subsumed within the scope of Section 544(b) of the Bankruptcy Code, that the two Debtors—alongside the chapter 7 trustee of the third plaintiff herein—have the exclusive right to pursue.

RRSB is not legally permitted to prosecute these alleged claims—period. To the contrary, the Bankruptcy Code reserves to the plaintiffs the ability to step into the shoes of a creditor (even if that creditor is the one assuming its own pair of Reeboks or Nikes) and pursue an avoidance action. And these are accordingly counts that, at irreducible minimum, the bank is devoid of standing to bring.

## IV. Argument: A Counterclaim is an Inappropriate Vehicle to Amend a Proof of Claim

Finally, counts one through four of the pleading are for fraud and deceit, against Parkside and Generations, respectively. These are assuredly not third-party claims. And these are, too, assuredly not avoidance claims within the ambit of Section 544(b). But these are nonetheless problematic claims for the simple reason that they appear to evince an effort on the part of RRSB to amend its proofs of claim in these two cases, by adding additional theories of monetary entitlement, without actually going through the claims assertion and amendment process.

By rule, any "statement of a creditor's claim . . . must substantially conform to Form 410." Fed. R. Bankr. P. 3001(a). RRSB is assuredly well aware of this too, having filed claims—and litigated claim objections—against both Parkside and Generations. Yet, for some reason—and such certainly appears to be one rooted in a tit-for-tat approach to claims sounding in turpitude—the bank has elected not to amend its proof of claim, or to seek leave to late-file a successive proof of claim, but, rather, to bring counterclaims for fraud and deceit.

Suffice it to posit a counterclaim does not "substantially conform to Form 410" and is thusly an inappropriate vehicle for the prosecution of these theories of relief. If RRSB wishes to amend its claims in these cases, and an objection thereto ensues (which, no doubt, would be quite likely), that objection may take the form of an adversary proceeding. *See* Fed. R. Bankr. P. 3007(b). But bringing the claims themselves in the direct form of an adversary proceeding is not only procedurally improper but, accordingly to a minority thread of case law, may actually constitute a violation of the automatic stay. *See In re Coastal Grp.*, 100 B.R. 177, 178 (Bankr. D. Del. 1989) (holding the presentation of a pre-petition claim, in an adversary proceeding, to be prohibited by the automatic stay).[4]

---

[4] As indicated, this is a minority view. The overwhelming majority of courts to have considered this issue have held otherwise. *See In re Transcolor Corp.*, 296 B.R. 343, 358 (Bankr. D. Md. 2003). *See also Cowin v. Countrywide Home Loans, Inc. (In re Cowin)*, 538 B.R. 721, 733 (S.D. Tex. 2015) ("It is beyond serious dispute that the application of the stay to certain proceedings in the bankruptcy court would lead to absurd results.") (quoting *In re N. Coast Vill.*, Ltd., 135 B.R. 641, 643 (9th Cir. BAP 1992)). The Debtors are *not* urging this Honorable Court to adopt the minority view but, rather, share the minority view merely as anecdotal evidence of why claims against debtors are to be filed in accord with Rule 3001 and not in the context of adversary proceeding counterclaims—especially when such claims are monetary in nature (and not determinations of dischargeability, denials of discharge, or prayers for such other relief as is outside the primarily-economic mold of Official Form 410).

**V.    Conclusion**

WHEREFORE, Generations and Parkside respectfully pray this Honorable Court (i) dismiss counts one through twelve of the Counterclaim and Third-Party Complaint; (ii) strike counts seven through fourteen of the Counterclaim and Third-Party Complaint; and (iii) afford such other and further relief as may be just and proper.

Respectfully Submitted,

Dated: January 6, 2026        By:    /s/ Maurice B. VerStandig
Maurice B. VerStandig, Esq.
The Dakota Bankruptcy Firm
1630 1st Avenue N
Suite B PMB 24
Fargo, North Dakota 58102-4246
Phone: (701) 394-3215
mac@dakotabankruptcy.com
*Counsel for the Debtors*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 6th day of January, 2026, a copy of the foregoing was served electronically upon filing via the ECF system.

/s/ Maurice B. VerStandig
Maurice B. VerStandig

8