IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | | |
|---|---|---|
| In re: | ) | Case No. 25-30002 |
| | ) | (Chapter 11) |
| GENERATIONS ON 1ST, LLC | ) | |
| | ) | |
| Debtor | ) | |
| _____ | ) | |
| | ) | Case No. 25-30003 |
| In re: | ) | (Chapter 11) |
| | ) | |
| PARKSIDE PLACE, LLC | ) | Jointly Administered |
| | ) | |
| Debtor | ) | |
| _____ | ) | |
| | ) | Adv. Case No. 25-07009 |
| GENERATIONS ON 1ST, LLC, *et al.* | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| RED RIVER STATE BANK | ) | |
| | ) | |
| Defendant | ) | |
| _____ | ) | |

**ANSWER AND AFFIRMATIVE DEFENSES
TO COUNTERCLAIM; PRAYER FOR TRIAL BY JURY**

Come now Generations on 1st, LLC ("Generations") and Parkside Place, LLC ("Parkside")

(collectively, the "Debtors" or "Plaintiffs" and each a "Debtor" or "Plaintiff"),[1] by and through

undersigned counsel, pursuant to Federal Rule of Bankruptcy Procedure 7008 and Federal Rule of

Civil Procedure 8, and in answer to the counterclaim (the "Counterclaim"), DE #42, of Red River

_____

[1] The Ruins, LLC—also a debtor in bankruptcy and also a plaintiff in this proceeding—is excluded
from the definition insofar as undersigned counsel no longer represents that entity, following the
conversion of The Ruins, LLC's bankruptcy to a proceeding under chapter 7. *See* 11 U.S.C. §
323(a) ("The trustee in a case under this title is the representative of the estate."); *Lamie v. U.S.
Trustee*, 540 U.S. 526, 532 (2004) (holding counsel for a chapter 11 debtor-in-possession ceases
to serve upon conversion of a case to chapter 7).

1

State Bank ("RRSB"), and as and for its affirmative defenses—and prayer for trial by jury—directed to the Counterclaim, state as follows:

## Answer

1. Pursuant to Federal Rule of Civil Procedure 8(b)(3), the Debtors generally deny the allegations of the Counterclaim.

2. Pursuant to Federal Rule of Civil Procedure 8(b)(3), the Debtors admit the allegations of paragraphs 1-3, 5-18, 23, 29, 33-34, 44, 49, 52-53, 56, 57-58, 61-62, 69, 70-71, 74-75, 78-80, 83-85, 88-89, 93-94, 103, 106-108, 111, 117, 120, 121-133, 144, 147-149, 155, 158-160, 163-165, 180, 185, 193, 200-202, 205-207, 221, 224-226, 232, 235, 238, 244-246, 255, 258-260, 265, 271, 278, 281-283, 288, 291, 294, 297, 300-302, and 305 of the Counterclaim.

3. Pursuant to Federal Rule of Civil Procedure 8(b)(5), the Debtors are without information sufficient to admit or deny the allegations of paragraphs 4, 306-488, and 513-524. Specifically, the Debtors note that they file this answer in their capacity as respective debtors in possession, based on the knowledge held by each answering entity in its own capacity and not based on the knowledge, *vel non*, of their individual agents held in capacities external to said agency.

4. Paragraphs 489, 495, 501, and 507 of the Counterclaim do not appear to call for an admission or denial but, to the extent otherwise required, (i) the Debtors incorporate, by reference, their admissions—and denials—or correlatively preceding paragraphs; or, if such is not permitted, (ii) generally deny the allegations of these paragraphs.

## Affirmative Defenses

5. As and for their first affirmative defense, the Debtors assert the Counterclaim fails to state a claim for which relief may be granted.

2

6.      As and for their second affirmative defense, the Debtors assert Federal Rule of Bankruptcy Procedure 3001(a) requires a claim against the Debtors to be set forth in substantial conformity to Form 410 and the Counterclaim does not substantially conform to said form.

7.      As and for their third affirmative defense, the Debtors assert RRSB is barred from recovering herein by the doctrine of unclean hands.

8.      As and for their fourth affirmative defense, the Debtors assert RRSB is barred from recovering herein by the doctrine of setoff.

9.      As and for their fifth affirmative defense, the Debtors assert RRSB is barred from recovering herein by the doctrine of recoupment.

10.     As and for their sixth affirmative defense, the Debtors assert RRSB is barred from recovering herein by the economic loss doctrine.

11.     The Debtors reserve their right to plead such other and further affirmative defenses as the interests of justice and equity may so permit, including those to be developed through the taking of discovery in this matter.

**Prayer for Trial by Jury**

12.     Pursuant to Federal Rule of Bankruptcy Procedure 9015 and Federal Rule of Civil Procedure 38, the Debtors hereby demand a trial by jury on each count of the Counterclaim so triable.

WHEREFORE, Generations and Parkside respectfully pray (i) judgment be entered in favor of each respective Debtor, and against RRSB, on each count of the Counterclaim; and (ii) this Honorable Court afford such other and further relief as may be just and proper.

*[Signature on Following Page]*

3

Respectfully Submitted,

Dated: February 16, 2026                By:    /s/ Maurice B. VerStandig
                                               Maurice B. VerStandig, Esq.
                                               The Dakota Bankruptcy Firm
                                               1630 1st Avenue N
                                               Suite B PMB 24
                                               Fargo, North Dakota 58102-4246
                                               Phone: (701) 394-3215
                                               mac@dakotabankruptcy.com
                                               *Counsel for the Debtors*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 16th day of February, 2026, a copy of the foregoing was

served electronically upon filing via the ECF system.

                                               /s/ Maurice B. VerStandig
                                               Maurice B. VerStandig