**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| In Re:<br><br>Parkside Place, LLC,<br><br>Debtor. | Case No.: 25-30002; 25-30003<br><br>Chapter 11 |

**JOINT MOTION FOR APPROVAL OF COMPROMISE AND SETTLEMENT OF COUNT VI UNDER FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019**

Steven Huff, in his capacity as Trustee of the Parkside Trust (the "Trustee"), and Red River State Bank ("RRSB" and, together with the Trustee, the "Movants"), hereby jointly and respectfully move this Court (this "Motion") for entry of an order pursuant to Section 105(a) of Title 11, United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") approving the compromise and settlement of Count VI of Adversary Proceeding No. 25-07009 (the "Adversary Proceeding") between the Trust and RRSB (the "Settlement"). In support of this Motion, the Movants respectfully represent as follows:

## PRELIMINARY STATEMENT

1. By this Motion, the Movants jointly ask this Court to approve the Settlement pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019(a), and to authorize the Trustee and RRSB to take all actions necessary to effectuate its terms. The Settlement resolves Count VI of the Adversary Proceeding—the sole claim remaining between the Trust and RRSB—in exchange for a $100,000 reduction of RRSB's allowed general unsecured claim in the above-captioned case.

2. Count VI is a federal negligence per se claim predicated on 18 U.S.C. § 215, and such claim was transferred to the Parkside Trust (the "Trust") under the confirmed Creditor's Third Amended Plan of Liquidation for Parkside Place, LLC (the "Plan").[1] This Court preserved Count VI in its Findings of Fact and Conclusions of Law entered August 25, 2026 (Doc. No. 548, the "Preliminary Decision"), declining to approve any release of Count VI through confirmation and limiting the Plan's releases of RRSB to Counts I–IV of the Adversary Proceeding.[2]

3. The Settlement is fair and equitable and in the best interests of the estate: it secures a certain, immediate benefit for unsecured creditors, avoids the substantial cost and risk of litigating a novel claim whose realistic value is modest, and conserves the Trust's limited corpus for the higher-value Chapter 5 avoidance claims that offer creditors a meaningful recovery.

## Jurisdiction and Venue

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157, and the general order of reference from the United States District Court for the District of North Dakota. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O), and the Court retained jurisdiction under the confirmed Plan to adjudicate and approve compromises of the Causes of Action transferred to the Trust. The Movants consent to the entry of a final order or judgment by the Court in connection with this Motion to the extent it is later

---

1 *See* ECF No. 550, at 10-11.

2 ECF No. 548, at 15; *id.* at 33.

determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

5. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

6. The statutory and legal predicates for the relief requested herein are section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019.

## FACTUAL BACKGROUND

7. Debtor Parkside Place, LLC (the "Debtor"), commenced a case under Chapter 11 of the Bankruptcy Code.[3] RRSB is the Debtor's largest secured creditor and the proponent of the Plan.[4]

8. On August 25, 2026, this Court entered the Preliminary Decision.[5] The Court directed RRSB to file a Third Amended Chapter 11 Plan of Liquidation incorporating the Court's rulings and designating Steven Huff, Esq., of Marlow, Woodward and Huff, PLLC, as Creditor Trustee.[6] RRSB filed the Plan on September 8, 2026,[7] and the Court confirmed the Plan on the same day (the "Final Confirmation Order").[8]

9. The Plan established the Trust and designated Steven Huff as Trustee.[9] The Court found Huff to be disinterested, with no connection to RRSB or other parties in interest,

---

3 ECF No. 548, at 1.

4 *Id.*; *id.* at 28.

5 ECF No. 548 at 1.

6 *Id.* at 33.

7 *See generally* ECF No. 550.

8 *See generally* ECF No. 552.

9 ECF No. 550, at 47.

and to possess the requisite background to serve, including twenty years of bankruptcy experience and prior service as a court-appointed receiver.[10]

10. Under the Plan, the causes of action belonging to the estate, including the claims asserted in the Adversary Proceeding, were transferred to the Trust for prosecution, compromise, or settlement for the benefit of creditors.[11]

11. Count VI of the Adversary Proceeding asserts a federal negligence per se claim predicated on 18 U.S.C. § 215.[12] It alleges that RRSB's executive, Mr. Aarestad, offered to have the Debtor's obligations forgiven if the Debtor (or its equity holder) sold its assets to Aarestad or his nominee below market value, and that, after the Debtor refused, RRSB imposed an assignment of rents and a receivership.[13]

12. In the Preliminary Decision, the Court declined to approve any release of Count VI through confirmation, finding that RRSB had not offered sufficient consideration to release that claim, and held that the Plan's releases, exculpation, and injunction in favor of RRSB must be limited to the conduct defined in Counts I–IV of the Adversary Proceeding.[14] The Court ordered that the Plan satisfied the requirements of 11 U.S.C. § 1129 except to the extent it released RRSB from liability under Count VI.[15] As a result, Count VI was preserved, transferred to the Trust, and is the sole claim remaining between the Trust and RRSB.

---

10 *See* ECF No. 548, at 5.

11 *See id.* at 19.

12 Adversary Case No. 25-07009, ECF No. 28, at ¶¶ 143-51.

13 *Id.*; ECF No. 548, at 14.

14 ECF No. 548, at 15.

15 *Id.* at 33; *see also* ECF No. 550, at 11.

13. The Trustee and RRSB have agreed, subject to this Court's approval, to resolve Count VI on the following terms: (a) upon entry of an order approving this Motion, RRSB's allowed general unsecured claim shall be reduced by $100,000; and (b) in consideration thereof, Count VI shall be dismissed with prejudice, with each of the Trustee and RRSB releasing the other from all claims arising out of or relating to Count VI. The Trustee believes that the Settlement is fair and equitable and represents a sound exercise of his fiduciary judgment. The Settlement confers an immediate and certain benefit on the estate—increasing the pro rata recovery available to unsecured creditors—while eliminating the cost, delay, and uncertainty of continued litigation of a novel claim of limited monetary value to the estate.

## RELIEF REQUESTED

14. By this Motion, the Movants jointly seek entry of an order approving the Settlement pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019, reducing RRSB's allowed general unsecured claim by $100,000, and dismissing Count VI of the Adversary Proceeding with prejudice. A proposed form of order granting the relief requested in this Motion is attached hereto as Exhibit "A" (the "Proposed Order").

## ARGUMENT

15. Bankruptcy Rule 9019(a) authorizes the Court, on the trustee's motion and after notice and a hearing, to approve a compromise or settlement.[16] In the Eighth Circuit, the standard for evaluating a proposed settlement is whether the settlement is fair and equitable

[16] Fed. R. Bankr. P. 9019(a).

and in the best interests of the estate.[17] A settlement need not be the best result obtainable.[18] Instead, the settlement needs to only fall at or above the lowest point in the range of reasonableness.[19] That is because "[c]ompromise is an art, not a science,"[20] with a settlement being subject to approval so long as it falls within the range of reasonableness.[21] And while the movant "bears the burden of proving by a preponderance of the evidence" that the settlement is fair, equitable, and in the best interests of the estate, in conducting a review, the Court "'does not substitute its judgment for that of the trustee.'"[22]

16. In assessing the reasonableness of a settlement, the Court weighs four factors: (A) the probability of success in the litigation; (B) the difficulties, if any, to be encountered in the matter of collection; (C) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (D) the paramount interest of the creditors and a proper deference to their reasonable views in the premises.[23] Each factor weighs in favor of approving the Settlement.

17. The Trust's probability of success on Count VI is low. Count VI is a federal negligence per se claim predicated on 18 U.S.C. § 215. Section 215(a)(2) reaches a bank

---

[17] *Tri-State Fin., LLC v. Lovald*, 525 F.3d 649, 654 (8th Cir. 2008); *Wigley v. Wigley (In re Wigley)*, 557 B.R. 678, 685 (B.A.P. 8th Cir. 2016).

[18] *Tri-State Fin.*, 525 F.3d at 654; *cf. In re Wigley*, 557 B.R. at 685 ("A settlement need not be perfect.").

[19] *Tri-State Fin.*, 525 F.3d at 654; *In re Wigley*, 557 B.R. at 685.

[20] *Nangle v. Surratt-States (In re Nangle)*, 288 B.R. 213, 220 (B.A.P. 8th Cir. 2003).

[21] *PW Enter., Inc. v. Kaler (In re Racing Services, Inc.)*, 332 B.R. 581, 586 (B.A.P. 8th Cir. 2005).

[22] *TooBaRoo, LLC v. W. Robidoux, Inc.*, 135 F.4th 1133, 1138 (8th Cir. 2025) (citation omitted).

[23] *In re Wigley*, 557 B.R. at 685 (citation omitted).

officer who "corruptly solicits or demands . . . or corruptly accepts . . . anything of value from any person."[24] The conduct alleged—an offer to forgive debt in exchange for the opportunity to purchase the Debtor's assets—is an offer to extend value, not a solicitation or demand of value from the borrower, calling the statute's applicability into question.

18. Even assuming it were to apply, Minnesota negligence per se requires that the plaintiff be within the class the statute was intended to protect and that the harm be of the type the statute was intended to prevent.[25] Section 215, however, protects the insured institution's deposits and the officer's fiduciary duty to the bank—not borrowers. The Eighth Circuit in *United States v. Lane*,[26] held the statute's purpose "was to protect the deposits of banks having federal insurance," with a violating officer "violating a position of trust that he owes to the bank."[27] If not within the class of persons that Section 215 was intended to protect, the Trust's ability to pursue the claim would not be permitted under Minnesota law.[28]

19. Additionally, a Section 215 violation requires acting "corruptly"—that is, "voluntarily and deliberately . . . with the purpose of accomplishing either an unlawful end . . . or . . . lawful end . . . by any unlawful method or means."[29] No court has ever permitted Section 215 to serve as a negligence per se predicate.[30]

---

[24] 18 U.S.C. § 215(a)(2).

[25] *See Alderman's Inc. v. Shanks*, 536 N.W.2d 4, 8 (Minn. 1995).

[26] 464 F.2d 593 (8th Cir. 1972).

[27] *Id.* at 595.

[28] *Alderman's Inc.*, 536 N.W.2d at 8.

[29] *United States v. Denny*, 939 F.2d 1449, 1451 (10th Cir. 1991).

[30] *See, e.g.*, *Higgins v. Spence & Spence, P.A.*, No. 5:07-CV-33-D, 2008 WL 506193, at *12 (E.D.N.C. Jan. 7, 2008) ("Here, plaintiff has not provided any authorities conclusively holding that RICO, the Bank Bribery Act, or RESPA qualify as public safety statutes which may form

20. Count VI also reaches RRSB only through respondeat superior. But the conduct is pleaded as Aarestad's personal undertaking,[31] making scope-of-employment difficult to establish. And while the Court denied RRSB's motion to dismiss under the deferential Rule 12(b)(6) standard, the Court did so expressly without prejudice, leaving each of these defenses to be tested on a full record at summary judgment and trial. Even a judgment for the Trust would face genuine appellate risk on this theory and the protected-class ruling. This factor strongly favors the Settlement.

21. Even if the Trust obtained a judgment, there are serious concerns of whether it would realize any meaningful recovery. Any recoverable damages are purely economic, making them subject to reduction for Parkside's comparative fault.[32] And any economic damages could also be offset by recoupment against the debt Parkside concedes it owes,[33] leaving the Trust with little or nothing to collect. This factor strongly favors the Settlement.

22. Continued litigation of Count VI would be protracted and costly. It would require summary-judgment litigation, a trial, and a probable interlocutory or post-judgment appeal on a novel legal question—expense, inconvenience, and delay that are all but certain to exhaust the Trust's limited $50,000 corpus. This factor strongly favors the Settlement.

---

the basis for a negligence per se claim. Nor has the court identified any such authorities."), *adopted in part and rejected in part* 2008 WL 506187 (E.D.N.C. Feb. 21, 2008).

[31] *See* Adversary Case No. 25-07009, ECF No. 28, at 83-84 & 93 ("alleging Aarestad's purchase campaign was undertaken "individually," "in his own capacity," and for "his personal nominee").

[32] *See* Minn. Stat. Ann. § 604.01.

[33] *See Sustainable 9, LLC v. Coleman*, No. A24-1548, 2026 WL 2249165, at *4 (Minn. Aug. 5, 2026).

23. The Settlement serves the paramount interest of creditors. The $50,000 reduction of RRSB's allowed general unsecured claim is a certain, immediate benefit that increases the pro rata distribution available to the remaining unsecured creditors, while the resolution conserves the Trust's limited funds for the Chapter 5 avoidance claims against insiders, which carry a materially higher expected return—valued at the confirmation hearing at $330,000 to $990,000.[34] That allocation is precisely what a liquidating fiduciary charged with maximizing net recoveries should favor. This factor favors the Settlement.

24. Weighing these factors together, the Settlement is fair and equitable, falls well within the lowest point in the range of reasonableness, and is in the best interests of the estate and all parties in interest. It should be approved.

## NOTICE

25. The Movants will provide notice of this Motion to: (a) the Office of the United States Trustee; (b) Debtor and its counsel; (c) all creditors, including the holders of allowed general unsecured claims; (d) all parties that have filed a notice of appearance and request for service of papers in this case pursuant to Bankruptcy Rule 2002; and (e) any other parties designated by the Court. Notice of this Motion is given consistent with Bankruptcy Rule 2002(a)(3). Considering the nature of the relief requested herein, the Movants submit that no other or further notice is necessary.

## NO PRIOR REQUEST

26. No prior request for the relief sought herein has been made to this Court or any other court.

---

[34] *See* ECF No. 548, at 18.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Movants respectfully request that this Court enter an order, substantially in the form of the Proposed Order attached hereto as Exhibit "A," approving the Settlement pursuant to Section 105(a) of the Bankruptcy Code and Bankruptcy Rule 9019, reducing RRSB's allowed general unsecured claim by $50,000, dismissing Count VI of the Adversary Proceeding with prejudice, and granting such other and further relief as is just and proper.

Dated this 7th day of October, 2026.

**MARLOW, WOODWARD, HUFF, PLLC**

BY: */s/ Steven Huff*
Steven Huff
steve@mwhlawyers.com
200 West Third Street
PO Box 667
Yankton, SD 57078
605.665.5009
TRUSTEE OF THE PARKSIDE TRUST

**VOGEL LAW FIRM**

BY: */s/ Drew J. Hushka*
Caren W. Stanley
cstanley@vogellaw.com
Kesha L. Tanabe
ktanabe@vogellaw.com
Drew J. Hushka
dhushka@vogellaw.com
218 NP Avenue
PO Box 1389
Fargo, ND 58107-1389
701.237.6983
ATTORNEYS FOR RED RIVER STATE BANK

# EXHIBIT A

**(Proposed Order)**

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| In Re:<br><br>Parkside Place, LLC,<br><br>Debtor. | Case No.: 25-30002; 25-30003<br><br>Chapter 11 |

**ORDER APPROVING JOINT MOTION FOR APPROVAL OF COMPROMISE AND SETTLEMENT OF COUNT VI UNDER FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019**

Steven Huff, in his capacity as Trustee of the Parkside Trust (the "Trustee"), and Red River State Bank ("RRSB" and, together with the Trustee, the "Movants"), filed a Joint Motion for Approval of Compromise and Settlement of Count VI Under Federal Rule of Bankruptcy Procedure 9019 (the "Motion") [ECF No. ]. After consideration of the Motion, the Court finds cause for granting the relief provided in this Order and

IT IS SO ORDERED THAT:

1. The Motion is GRANTED.

2. RRSB's allowed general unsecured claim shall be reduced by $100,000.

3. Count VI in Adversary Case No. 25-07009 is hereby DISMISSED WITH PREJUDICE.

Dated:

______________________________
Shon Hastings, Judge
United States Bankruptcy Court

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NORTH DAKOTA**

| | |
|---|---|
| In Re:<br><br>Parkside Place, LLC,<br><br>Debtor. | Case No.: 25-30002; 25-30003<br><br>Chapter 11 |

**NOTICE OF JOINT MOTION FOR APPROVAL OF COMPROMISE AND SETTLEMENT OF COUNT VI UNDER FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019**

NOTICE IS HEREBY GIVEN that Steven Huff, in his capacity as Trustee of the Parkside Trust (the "Trustee"), and Red River State Bank ("RRSB" and, together with the Trustee, the "Movants"), have filed a Joint Motion for Approval of Compromise and Settlement of Count VI Under Federal Rule of Bankruptcy Procedure 9019 (the "Motion"). A copy of the Motion is served on you.

NOTICE IS FURTHER GIVEN that written objections to said Motion, if any, shall be filed with the Clerk of the U.S. Bankruptcy Court, Quentin N. Burdick Courthouse, 655 1st Avenue North, Suite 201, Fargo, North Dakota 58102-4932 within Twenty-One (21) days from the date of the mailing of this notice. Any objections not filed and served may be deemed waived.

Dated this 7th day of October, 2026.

**MARLOW, WOODWARD, HUFF, PLLC**

BY: */s/ Steven Huff*

Steven Huff
steve@mwhlawyers.com
200 West Third Street
PO Box 667
Yankton, SD 57078
605.665.5009
TRUSTEE OF THE PARKSIDE TRUST

**VOGEL LAW FIRM**

BY: */s/ Drew J. Hushka*

Caren W. Stanley
cstanley@vogellaw.com
Kesha L. Tanabe
ktanabe@vogellaw.com
Drew J. Hushka
dhushka@vogellaw.com
218 NP Avenue
PO Box 1389
Fargo, ND 58107-1389
701.237.6983
ATTORNEYS FOR RED RIVER STATE BANK

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

IN RE:

Parkside Place, LLC

CASE NO: 25-30002, 25-30003

**DECLARATION OF MAILING CERTIFICATE OF SERVICE**

Chapter: 11

ECF Docket Reference No. 567

On 10/8/2026, I did cause a copy of the following documents, described below,

JOINT MOTION FOR APPROVAL OF COMPROMISE AND SETTLEMENT OF COUNT VI UNDER FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019 and Notice of Motion ECF Docket Reference No. 567

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of BK Attorney Services, LLC d/b/a certificateofservice.com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R.Bankr.P. 9001(9) and 2002(g)(4). A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically with the documents described herein per the ECF/PACER system.

DATED: 10/8/2026

/s/ Drew J. Hushka
Drew J. Hushka 08230
Attorney at Law
VOGEL LAW FIRM
PO Box 1389
Fargo, ND 58107-1389
701-237-6983
dhushka@vogellaw.com

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

IN RE:

Parkside Place, LLC

CASE NO: 25-30002, 25-30003

**CERTIFICATE OF SERVICE**
**DECLARATION OF MAILING**

Chapter: 11
ECF Docket Reference No. 567

On 10/8/2026, a copy of the following documents, described below,

JOINT MOTION FOR APPROVAL OF COMPROMISE AND SETTLEMENT OF COUNT VI UNDER FEDERAL RULE OF BANKRUPTCY PROCEDURE 9019 and Notice of Motion ECF Docket Reference No. 567

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing list exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document(s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 10/8/2026

Victoria Blake

Victoria Blake
BK Attorney Services, LLC
d/b/a certificateofservice.com, for
Drew J. Hushka
VOGEL LAW FIRM
PO Box 1389
Fargo, ND 58107-1389

**(The following pages contain parties served via First Class USPS Mail Service unless stated otherwise.)**

CASE INFO

LABEL MATRIX FOR LOCAL NOTICING
08683
CASE 25-30002
DISTRICT OF NORTH DAKOTA
FARGO
WED OCT 7 16-21-28 CDT 2026

ADDISON RASSEL WESTON WEBER
26 1ST AVENUE SW
UNIT 3513
WATERTOWN SD 57201-4256

ALEXIS BURBACH
26 1ST AVENUE SW
UNIT 3310
WATERTOWN SD 57201-4236

ALEXIS WILLETT
26 1ST AVENUE SW
UNIT 3318
WATERTOWN SD 57201-4236

ALLIE WEISS
26 1ST AVENUE SW
UNIT 3403
WATERTOWN SD 57201-4237

ALLISON FOOTE
26 1ST AVENUE SW
UNIT 3213
WATERTOWN SD 57201-4200

ALLYSSA KIRCHBERG
26 1ST AVENUE SW
UNIT 3315
WATERTOWN SD 57201-4236

AUTOMATIC BUILDING CONTROLS INC
4300 W 61ST ST N
SIOUX FALLS SD 57107-6474

BAETEFORSETH HVAC
4700 N NORTHVIEW AVE
SIOUX FALLS SD 57107-0869

BARB WEGMAN
26 1ST AVENUE SW
UNIT 3311
WATERTOWN SD 57201-4236

BARBARA GOENS
26 1ST AVENUE SW
UNIT 3301
WATERTOWN SD 57201-4236

BLACKTAIL INVESTMENTS LLC
PO BOX 629
FARGO ND 58107-0629

BLAKE THEISEN
26 1ST AVENUE SW
UNIT 3316
WATERTOWN SD 57201-4236

BRIANNA PEDERSON
26 1ST AVENUE SW
UNIT 3305
WATERTOWN SD 57201-4236

CP BUSINESS MANAGEMENT INC
1401 1ST AVE N
B
FARGO ND 58102-4203

CANNON ELECTRIC LLC
708 9TH AVE SE
308
WATERTOWN SD 57201-5222

CAREN STANLEY ESQ
VOGEL LAW FIRM
218 NP AVENUE
FARGO ND 58102-4834

CARRICO LAW OFFICE
657 W KEMP AVE
WATERTOWN SD 57201-2249

CASEY KIRLEY
26 1ST AVENUE SW
UNIT 3206
WATERTOWN SD 57201-4200

CHRISTIANNA A CATHCART
THE DAKOTA BANKRUPTCY FIRM
1630 FIRST AVE N
STE B PMB 24
FARGO ND 58102-4246

CHARLES OLSON
26 1ST AVENUE SW
UNIT 3501
WATERTOWN SD 57201-4256

CHRISTIANNA A CATHCART ESQ
THE DAKOTA BANKRUPTCY FIRM
1630 1ST AVENUE N SUITE B PMB 24
FARGO NORTH DAKOTA 58102-4246

CLARITY TELECOM LLC
DBA BLUEPEAK FIBER
7979 E TUFTS AVE SUITE 850
DENVER CO 80237-2845

CLAYTON ALBAN
26 1ST AVENUE SW
UNIT 3313
WATERTOWN SD 57201-4236

CODINGTON COUNTY TREASURER
14 1ST AVE SE
WATERTOWN SD 57201-3611

COUNTY FAIR FOODS OF WATERTOWN INC
14 2ND ST NE
WATERTOWN SD 57201-3622

CYNTHIA WELLS
26 1ST AVENUE SW
UNIT 3407
WATERTOWN SD 57201-4237

DAKOTA CLEAN LLC
509 9TH AVE S
CLEAR LAKE SD 57226-2166

DARYL TAPIO
26 1ST AVENUE SW
UNIT 3413
WATERTOWN SD 57201-4237

DEPARTMENT OF THE TREASURY
15TH PENNSYLVANIA
WASHINGTON DC 20222-0001

DIONNE ZWEIG
26 1ST AVENUE SW
UNIT 3412
WATERTOWN SD 57201-4237

DOUGLAS MURCH
CONMY FESTE LTD
3369 45TH STREET SOUTH
FARGO ND 58104-8988

ETHANIEL WELLNITZ
26 1ST AVENUE SW
UNIT 3502
WATERTOWN SD 57201-4256

JORDAN J FEIST
WOODS FULLER SHULTZ SMITH PC
300 SOUTH PHILLIPS AVENUE
SUITE 300
SIOUX FALLS SD 57104-6322

DAN FRISK
SCHWAB THOMPSON FRISK
820 34TH AVENUE EAST SUITE 200
WEST FARGO ND 58078-7991

GT BROTHERS LLC
14 2ND ST NE
WATERTOWN SD 57201-3622

GENERATIONS ON 1ST LLC
PO BOX 1389
FARGO ND 58107-1389

GEORGES SANITATION INC
3367 12TH AVE NW
WATERTOWN SD 57201-7225

HME COMPANIES LLC
432 5TH STREET
BROOKINGS SD 57006-2007

HME COMPANIES LLC
ATTN LANE WARZECHA
432 5TH STREET
BROOKINGS SD 57006-2007

HALI ANDERSON DANIEL WILLIAMS
26 1ST AVENUE SW
UNIT 3512
WATERTOWN SD 57201-4256

HELGA MYERS
26 1ST AVENUE SW
UNIT 3205
WATERTOWN SD 57201-4200

DREW J HUSHKA
VOGEL LAW FIRM
218 NP AVENUE
PO BOX 1389
FARGO ND 58107-1389

IKES WINDOW WASHING LLC
1126 E KEMP AVE
WATERTOWN SD 57201-3755

INTERNAL REVENUE SERVICE
PO BOX 7346
PHILADELPHIA PA 19101-7346

JACOB KRANZ SIERRA OVERSHINER
26 1ST AVENUE SW
UNIT 3510
WATERTOWN SD 57201-4256

JACOBE TRAMP
26 1ST AVENUE SW
UNIT 3416
WATERTOWN SD 57201-4237

JESSE AND MARIE HEER
26 1ST AVENUE SW
UNIT 3404
WATERTOWN SD 57201-4237

JOHN TIMMONS
26 1ST AVENUE SW
UNIT 3505
WATERTOWN SD 57201-4256

JONI DYSTRA
26 1ST AVENUE SW
UNIT 3209
WATERTOWN SD 57201-4200

JORDAN JIERMAN
26 1ST AVENUE SW
UNIT 3214
WATERTOWN SD 57201-4200

JOSHUA ESCAMILLAVIGIL
26 1ST AVENUE SW
UNIT 3516
WATERTOWN SD 57201-4256

JUDITH ZIRBEL
26 1ST AVENUE SW
UNIT 3201
WATERTOWN SD 57201-4200

JUSTICE FIRE SAFETY INC
3601 N POTSDAM AVENUE
SIOUX FALLS SD 57104-7032

KAREN JENSEN
26 1ST AVENUE SW
UNIT 3410
WATERTOWN SD 57201-4237

KEEGAN SCHELLE
26 1ST AVENUE SW
UNIT 3309
WATERTOWN SD 57201-4236

KENDELL GRONHOLZ COLE GILSDORF
26 1ST AVENUE SW
UNIT 3208
WATERTOWN SD 57201-4200

KYLE MARX DAWSON TREEBY
26 1ST AVENUE SW
UNIT 3405
WATERTOWN SD 57201-4237

KYLE WISSEMAN
26 1ST AVENUE SW
UNIT 3308
WATERTOWN SD 57201-4236

LAVERNE COYLE
26 1ST AVENUE SW
UNIT 3408
WATERTOWN SD 57201-4237

LEW KNAPP
26 1ST AVENUE SW
UNIT 3216
WATERTOWN SD 57201-4200

LIBERTY MUTUAL GROUP INC
175 BERKELEY STREET
BOSTON MA 02116-3350

LOIS STADHEIM
26 1ST AVENUE SW
UNIT 3207
WATERTOWN SD 57201-4200

LORNA HARSTAD
26 1ST AVENUE SW
UNIT 3401
WATERTOWN SD 57201-4237

LYNELLE HERSTEDT
26 1ST AVENUE SW
UNIT 3506
WATERTOWN SD 57201-4256

MADISON PREMUS
26 1ST AVENUE SW
UNIT 3509
WATERTOWN SD 57201-4256

MARILYN BOIK
26 1ST AVENUE SW
UNIT 3210
WATERTOWN SD 57201-4200

MARISSA ROBER
26 1ST AVENUE SW
UNIT 3418
WATERTOWN SD 57201-4237

MARLI SCHIPPERS
NOONEY SOLAY LLP
326 FOUNDERS PARK
RAPID CITY SD 57701-8090

MASON MCDONALD
26 1ST AVENUE SW
UNIT 3517
WATERTOWN SD 57201-4256

MULINDA CRAIG
CO DOUGLAS MURCH
CONMY FESTE LTD
3369 45TH STREET SOUTH
FARGO ND 58104-8988

MULINDA SUE CRAIG
PO BOX 426
FARGO ND 58107-0426

NICHOLAS PETERSEN
26 1ST AVENUE SW
UNIT 3508
WATERTOWN SD 57201-4256

NICK KASTEN KARLY MONNIER
26 1ST AVENUE SW
UNIT 3414
WATERTOWN SD 57201-4237

ORLEY WANGSNESS
26 1ST AVENUE SW
UNIT 3307
WATERTOWN SD 57201-4236

PAIGE HALL
26 1ST AVENUE SW
UNIT 3317
WATERTOWN SD 57201-4236

PARKSIDE PLACE LLC
1405 1ST AVE N
PO BOX 426
FARGO ND 58107-0426

PHYLLIS JACKSON
26 1ST AVENUE SW
UNIT 3204
WATERTOWN SD 57201-4200

PIPER NAUGHTON
26 1ST AVENUE SW
UNIT 3417
WATERTOWN SD 57201-4237

RAY BRADBURY
26 1ST AVENUE SW
UNIT 3504
WATERTOWN SD 57201-4256

REAGAN CRANDALL
26 1ST AVENUE SW
UNIT 3303
WATERTOWN SD 57201-4236

RED RIVER STATE BANK
ATTN CAREN W STANLEY
VOGEL LAW FIRM
PO BOX 1389
FARGO ND 58107-1389

RED RIVER STATE BANK
114 N MILL ST
PO BOX 98
FERTILE MN 56540-0098

RED RIVER STATE BANK
CO CAREN W STANLEY
VOGEL LAW FIRM
PO BOX 1389
FARGO ND 58107-1389

RED RIVER STATE BANK
CO KESHA L TANABE
VOGEL LAW FIRM
PO BOX 1389
FARGO ND 58107-1389

RED RIVER STATE BANK
CO DREW J HUSHKA
VOGEL LAW FIRM
PO BOX 1389
FARGO ND 58107-1389

RENEE HANLON
26 1ST AVENUE SW
UNIT 3201
WATERTOWN SD 57201-4200

SARAH J WENCIL
OFFICE OF THE US TRUSTEE
SUITE 1015 US COURTHOUSE
300 SOUTH FOURTH STREET
MINNEAPOLIS MN 55415-1320

SAYLOR HALLSTROM
26 1ST AVENUE SW
UNIT 3415
WATERTOWN SD 57201-4237

MICHAEL SCHMITZ
POINT CPA
PO BOX 1411
58502-1411 ND 58502-1411

SCHUMACHER ELEVATOR COMPANY
ONE SCHUMACHER WAY
DENVER IA 50622

SECURITIES EXCHANGE COMMISSION
175 W JACKSON BLVD
CHICAGO IL 60604-2908

SELMER HATLESTAD
26 1ST AVENUE SW
UNIT 3402
WATERTOWN SD 57201-4237

SHEILA KAMMERER
26 1ST AVENUE SW
UNIT 3203
WATERTOWN SD 57201-4200

SHERMA GEORGE GORE
26 1ST AVENUE SW
UNIT 3514
WATERTOWN SD 57201-4256

SOUTH DAKOTA DEPARTMENT OF REVENUE
445 E CAPITOL AVENUE
PIERRE SD 57501-3100

CAREN STANLEY
VOGEL LAW FIRM
218 NORTHERN PACIFIC AVENUE
FARGO ND 58102-4834

STEVEN ALMQUIST
26 1ST AVENUE SW
UNIT 3518
WATERTOWN SD 57201-4256

STEVEN ROSBACH
26 1ST AVENUE SW
UNIT 3304
WATERTOWN SD 57201-4236

DAVID R STRAIT
AUSTIN STRAIT BENSON THOLE KOEHN LL
25 FIRST AVENUE SOUTHWEST
WATERTOWN SD 57201-3507

KESHA TANABE
VOGEL LAW FIRM
218 NORTHERN PACIFIC AVENUE
FARGO ND 58102-4834

THA DAH HTOO TA MALA WAH
26 1ST AVENUE SW
UNIT 3312
WATERTOWN SD 57201-4236

TIARA DEHOET LUCAS SIMON
26 1ST AVENUE SW
UNIT 3306
WATERTOWN SD 57201-4236

US ATTORNEY
655 FIRST AVENUE NORTH SUITE 250
FARGO ND 58102-4932

UNITED STATES TRUSTEE
SUITE 1015 US COURTHOUSE
300 SOUTH FOURTH STREET
MINNEAPOLIS MN 55415-1320

MAURICE VERSTANDIG
THE DAKOTA BANKRUPTCY FIRM
1630 1ST AVENUE N
SUITE B PMB 24
FARGO ND 58102-4246

VERNA OLSON
26 1ST AVENUE SW
UNIT 3215
WATERTOWN SD 57201-4200

WATERTOWN DEVELOPMENT COMPANY
1 EAST KEMP AVENUE
WATERTOWN SD 57201-3606

WATERTOWN DEVELOPMENT COMPANY
CO DAVID R STRAIT
AUSTINSTRAITBENSONTHOLEKOEHN LLP
25 FIRST AVENUE SOUTHWEST
WATERTOWN SD 57201-3507

WATERTOWN DEVELOPMENT COMPANY
CO JORDAN FEIST
PO BOX 5027
300 SOUTH PHILLIPS AVE SUITE 300
SIOUX FALLS SD 57104-6322

WATERTOWN MUNICIPAL UTILITIES
901 4TH AVE SW
WATERTOWN SD 57201-4106

WATERTOWN SENIOR ACTIVITY CENTER
26 1ST AVE SW
SUITE 101
WATERTOWN SD 57201-4268

WHITE GLOVE CLEANING
17892 449TH AVE
HAYTI SD 57241-5223

WHITE GLOVE CLEANING SERVICE LLC
2340 S ELLIS RD
APARTMENT 100
SIOUX FALLS SD 57106-7134

WILLOW SEURER
26 1ST AVENUE SW
UNIT 3503
WATERTOWN SD 57201-4256

ZIHUI GONG
26 1ST AVENUE SW
UNIT 3515
WATERTOWN SD 57201-4256

~~EXCLUDE~~

~~THE FOLLOWING RECIPIENTS MAY BE/HAVE BEEN BYPASSED FOR NOTICE DUE TO AN UNDELIVERABLE (U) OR DUPLICATE (D) ADDRESS~~

~~EXCLUDE~~

~~(U)CP BUSINESS MANAGEMENT INC~~

~~EXCLUDE~~

~~(U)JESSE CRAIG~~

~~EXCLUDE~~

~~(U)MULINDA AKA MINDY CRAIG~~

~~EXCLUDE~~

~~(U)CRAIG DEVELOPMENT LLC~~

~~EXCLUDE~~

~~(U)CRAIG HOLDINGS LLC~~

~~EXCLUDE~~

~~(U)CRAIG PROPERTIES LLC~~

~~EXCLUDE~~

~~(U)GAVINSOLMONESE LLC~~

~~EXCLUDE~~

~~(D)INTERNAL REVENUE SERVICE~~
~~PO BOX 7346~~
~~PHILADELPHIA PA 19101-7346~~

~~EXCLUDE~~

~~(D)DOUGLAS MURCH~~
~~CONMY FESTE LTD~~
~~3369 45TH STREET SOUTH~~
~~FARGO ND 58104-8988~~

~~EXCLUDE~~

~~(D)RED RIVER STATE BANK~~
~~CO CAREN W STANLEY~~
~~VOGEL LAW FIRM~~
~~PO BOX 1389~~
~~FARGO ND 58107-1389~~

~~EXCLUDE~~

~~(D)WATERTOWN DEVELOPMENT COMPANY~~
~~1 EAST KEMP AVENUE~~
~~WATERTOWN SD 57201-3606~~

~~EXCLUDE~~

~~(D)SARAH J WENCIL~~
~~OFFICE OF THE US TRUSTEE~~
~~SUITE 1015 US COURTHOUSE~~
~~300 SOUTH FOURTH STREET~~
~~MINNEAPOLIS MN 55415-1320~~